By the Court.
 

 This is an appeal under Section 5611-2, General Code, from a decision of the Board of Tax Appeals which affirmed the action of the Tax Commissioner in denying the application of appellant for a refund of sales tax in the sum of $8,320.72, which it claimed had been erroneously paid on account of sales taxes for the years 1938, 1939 and 1940.
 

 In the amended notice of appeal to the Board of Tax Appeals, appellant claimed that the Tax Commissioner committed two errors as follows:
 

 “1. That the Tax Commissioner erred in denying said claim for the reason stated therein that said erroneous payments were based upon incomplete records and experience of tax liability from records of periods, other than that involved in the application.
 

 “2.
 
 That the Tax Commissioner apparently held against appellant the fact that certain records covering the period herein involved had been destroyed prior to the filing of said claim for refund. The Tax
 
 *466
 
 Commissioner was in error in so doing, having granted to appellant permission to destroy said records, and the same having been destroyed before the errors herein complained of were discovered by the appellant.”
 

 The Tax Commissioner in denying appellant’s application stated:
 

 “The vendor’s claim of erroneous payment of tax being based on incomplete records and experience of tax liability, established from records of periods other than that involved, its application for refund is denied. ’ ’
 

 In its entry and decision the Board of Tax Appeals held:
 

 “The board has carefully considered the record in this case and finds that the appellant has failed to establish by competent evidence his [sic] right to the refund applied for, and that the action of the. Tax Commissioner is supported by the evidence.”
 

 The record discloses that after an audit of appel: lant’s sales had been made the Department of Taxation submitted to appellant under date of November 8, 1940, a “summary for recommending assessment.” Thereafter an assessment was made by the Tax Commissioner and paid by the appellant. Under date of May 13, 1941, appellant sought permission to destroy certain sales tax records. The following consent was given pursuant to Section 5546-12, General Code, under date of May 15, 1941:
 

 “The G. M. McKelvey Company,
 

 “Federal, Hazel and Commerce Streets,
 

 ‘ ‘ Youngstown, Ohio.
 

 J ‘
 
 Gentlemen:
 

 “Attention: Mr. A. H. Kindler, Controller.
 

 “Receipt is acknowledged of your letter of the 13th instant requesting permission to destroy certain sales tax checks and purchase invoices.
 

 
 *467
 
 “The files of this office indicate that your sales records have been made the subject of a sales tax audit to and including December 31, 1939, and that on the basis of that audit, an assessment No. 36232 was made against you in the sum of $6,772.37, which amount has been paid.
 

 “Our files further indicate that your purchase records have been made the subject of an audit to and including December 31, 1940, and that on the basis of that audit, assessment No. 36960 was made against you in the total sum of $290.30 and that this assessment has also been paid.
 

 “Section 5546-12 of the Ohio General Code provides that records shall be preserved for a period of three years unless this department shall, in writing, consent to their destruction within that period, or by order rei quire that they be kept for a longer period. In view of the audits heretofore mentioned ánd in view of the fact that the assessments covering those audits have been paid, permission is herewith granted for the destruction of your records covering sales up to and including December 31, 1939, and permission is also' granted for the destruction of all records pertaining to purchases made by you and subject to sales and use taxes, up to and including December 31, 1940.
 

 “It is requested that a copy of this communication be retained in your files.
 

 “Very truly, yours, •
 

 “R. P. Barthalow,'
 

 “R. P. Barthalow, Chief
 

 “Division of Sales & Excise Taxes.”
 

 On December 10, 1941, appellant filed its application with the Tax Commissioner for a refund claiming that its former deceased comptroller and the Department of Taxation auditor had made certain errors in their reports of taxable sales for the years in question and
 
 *468
 
 upon which the assessments referred to in the fore-, going letter had been made.
 

 In the absence of its sales tax records which had been destroyed appellant’s evidence consisted largely of speculation and assumption and claimed errors of its own former comptroller.
 

 The instant proceeding was brought under Section 5546-8, General Code, which, since 116 Ohio Laws, 487, requires the Treasurer of jState to refund to vendors the amount of taxes illegally or erroneously paid or paid on any illegal or erroneous assessment. This section contains the following provision: “In all cases an application shall'be filed with the Tax Commission [commissioner] on the form prescribed by it [him] and must be filed within a period of ninety days * * * from the date it is ascertained that the assessment or payment was illegal or erroneous.”
 

 Two procedural questions have been raised on behalf of appellee:
 

 , (1) It is claimed that the application for refund was not filed with the Tax Commissioner within time. This was a question of fact which the record discloses was in dispute. While our attention has been called to evidence on the°point, it has not been called to any request that the Board of Tax Appeals dismiss the appeal for that reason. Our own search of the record has failed to disclose any such request on behalf of the Tax Commissioner. The Board of Tax Appeals proceeded to its decision upon the merits and under the circumstances of this case we shall assume that the filing was timely, if Section 5546-8, General Code, be applicable.
 

 (2) The second procedural question is based upon the claim that appellant did not pursue its administrative remedy under the provisions of Section 5546-9o, General Code, under which the Tax Commissioner made his assessment and which provides for the filing
 
 *469
 
 of a petition for reassessment with the Tax Commissioner and for an appeal from such reassessment. •
 

 The record discloses that the Department of Taxation made audits of the sales tax returns of appellant up to and including December 31, 1940. The record fails to disclose any petition for reassessment or any appeal from the assessment to the Board of Tax Appeals as is provided in Section 5546-9a, General Code. This contention presents an interesting and difficult question which was not raised before the Board of Tax Appeals. The subject is merely mentioned in the Attorney General’s brief and is entirely ignored in the briefs of appellant. Ordinarily we would ask that such question be properly briefed and the case red-argued. However, the questions raised by appellant resolve themselves into a question of the sufficiency of the evidence. As pointed out above, the Board of Tax Appeals held that appellant had failed to establish its case by competent evidence. Therefore, our decision would be the same under either Section 5546-8 or Section 5546-9a, General Code.
 

 Assuming, without deciding, that the proper procedure was followed by appellant, we are of the opinion, after carefully considering the record and evidence, that the decision of the Board of Tax Appeals appealed from is reasonable and lawful and, therefore, it should be and hereby is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.