538 P.2d 1202
**DAIRYLAND INSURANCE COMPANY, INC., a Wisconsin Corporation, et al., Plaintiffs-Appellants,**

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF BERNALILLO, New Mexico, Defendants-Appellees.**

**No. 1684.**

Court of Appeals of New Mexico.

July 9, 1975.

Certiorari Granted Aug. 11, 1975.

John S. Campbell, Aldridge, Baron, Pearlman & Campbell, P.A., Albuquerque, for plaintiffs-appellants.

James L. Brandenburg, Dist. Atty., Joe C. Diaz, Vance Mauney, Sp. Asst. Dist. Attys., Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs brought suit for personal injuries due to the alleged negligence of defendants in the maintenance of a county road. The specific allegation of negligence was that defendants allowed surface water flowing in an arroyo across the road to cut a deep channel in the road into which plaintiffs' car was driven causing the instant injuries. Upon defendants' motion for summary judgment based on the defense of sovereign immunity, such judgment was granted and plaintiffs appeal. We affirm.

█ The plaintiffs initially contend that the maintenance of roads is a corporate or proprietary function to which the doctrine of sovereign immunity does not apply. It is settled law, both in this jurisdiction and thoroughout the country, that the maintenance of a road by a county is a. governmental and not a corporate function. *Murray v. County Commissioners*, 28 N.M. 309, 210 P. 1067 (1922); Annot., 2 A.L.R. 721 (1919); 39 Am.Jur.2d *Highways, Streets, and Bridges* § 345 (1968); 40 C.J. S. Highways § 250 (1944). As the function alleged to be negligently performed in this instance is governmental, the political subdivision herein sued is immune from liability beyond the extent of its insurance coverage. *Barker v. City of Santa Fe*, 47 N.M. 85, 136 P.2d 480 (1943); Sections 5–6–18 through 5–6–22, N.M.S.A.1953 (Repl.Vol. 2, pt. 1, 1974). It is not disputed that the County of Bernalillo does not carry liability insurance. The defense of sovereign immunity is thus applicable.

The plaintiffs nevertheless urge, in the alternative, that should this court adhere to precedent and authority and hold the maintenance of roads to be governmental, that the doctrine of sovereign immunity be abolished once and for all as being an "outmoded medievalism" or that the doctrine be declared unconstitutional as being in violation of the equal protection clauses of both the United States and New Mexico Constitutions.

█ In spite of the dicta apparently foreshadowing the abolition of the doctrine of sovereign immunity in some of our Supreme Court's recent cases, that Court has not yet so acted. See *Galvan v. City of Albuquerque*, 87 N.M. 235, 531 P.2d 1208 (1975)—"Historically, this court has persistently clung to that outmoded and archaic doctrine"; *State ex rel. New Mexico Water Quality Control Commission v. City of Hobbs*, 86 N.M. 444, 525 P.2d 371 (1974)—"We are thus not concerned with the outmoded medievalisms embedded in our jurisprudence in the form of judicially created sovereign immunity." That being the case, this court is bound by the precedents of the Supreme Court and we cannot overrule those precedents by the judicial fiat of declaring the doctrine of sovereign immunity abolished. "[I]t is not considered good form for a lower court to reverse a superior one." *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

█ However, the novel argument that the doctrine of sovereign immunity arbitrarily and unreasonably creates two classes of plaintiffs (one that can be made whole for negligently inflicted injuries and one that cannot) has never been presented to our Supreme Court. Thus, we have no New Mexico precedent to guide us on this issue. Yet, such a state of affairs should not raise the instant plaintiffs' hopes. They cite only one case in support of their argument—*Krause v. State*, 28 Ohio App.2d 1, 274 N.E.2d 321 (1971), decided by the Ohio Court of Appeals. This case was later reversed by the Ohio Supreme Court, *Krause v. State*, 31 Ohio St.2d 132, 285 N.E.2d 736 (1972), and appeal to the United States Supreme Court was dismissed for want of a substantial federal question. *Krause v. Ohio*, 409 U.S. 1052, 93 S.Ct. 557, 34 L.Ed.2d 506 (1972). Suffice it to say that we, as the Supreme Court of Ohio, feel that there are substantive differences justifying the special treatment of states and their political subdivisions when

**182**

carrying on their governmental functions. *Krause v. State, supra.*

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.