Fred DUNN and Catherine Dunn, his
wife, Plaintiffs,

v.

Milan Q. FELT, M.D. and the St. Francis
Hospital, Inc., a Delaware
Corporation, Defendants.

Superior Court of Delaware,
Kent County.

Submitted Sept. 2, 1977.
Decided Oct. 12, 1977.

Douglas B. Catts, Schmittinger & Rodriguez, Dover, for plaintiffs.

Jane R. Roth, Richards, Layton & Finger, Wilmington, for defendants.

OPINION

WRIGHT, Judge.

During the month of July 1970 the defendant, Dr. Milan Q. Felt, performed an operation upon the back of the plaintiff, Fred Dunn, at St. Francis Hospital.

In January, 1977, Fred Dunn discovered that the pain that he had been experiencing in his right leg since 1975 may have been caused by Dr. Felt's negligence in performing the 1970 operation.

The present action was filed on March 10, 1977, against both the doctor and the hospital.

■ St. Francis Hospital has moved for summary judgment on the ground that the action is barred by the applicable statute of limitations which provides as follows:

"No action for the recovery of damages upon a claim against a health care provider for personal injury, including personal injury which results in death, arising out of malpractice shall be brought after the expiration of 2 years from the date upon which such injury occurred; provided, however, that:

"(1) Solely in the event of personal injury the occurrence of which, during such period of 2 years, was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter; . . . ." 18 Del.C. § 6856

18 Del.C. § 6857 provides that this statute applies to all actions brought after April 26, 1976. It is, therefore, applicable to this case.

In Layton v. Allen, Del.Supr., 246 A.2d 794 (1968) it was held that the then applicable statute of limitations did not begin to run in a malpractice situation until the injury becomes physically ascertainable.

In opposition to the hospital's motion the plaintiffs make a two pronged argument. They first ask that the Court construe 18 Del.C. § 6856 to mean that the 3 year period provided for therein begins to run when the injured person becomes aware of the injury. This, of course, is how Layton construed the prior statute. However, it is clear from reading the preamble to the bill which contained 18 Del.C. § 6856 that the General Assembly intended that 18 Del.C. § 6856 be applied exactly as it is written, 60 Del.C. 373.

■ The plaintiffs next contend that such an application of 18 Del.C. § 6856 renders it unconstitutional.

In support of this position the plaintiffs cite Del.Const. Art. I § 9 which provides in pertinent part ". . . every man for an injury done him in his . . . person . . . shall have remedy by the due course of law . . . ."

■ The plaintiffs, I think, are mistaken in their notion of what 18 Del.C. § 6856 does. It does not eliminate a remedy for a civil wrong; it simply provides that after 3 years no cause of action can arise. The General Assembly has the power to create new rights and abolish old ones so long as they are not vested. Rosenberg v. Town of North Bergen, 61 N.J. 190, 293 A.2d 662 (1972).

Some of the plaintiffs' arguments indicate a misconception of the nature of statutes of limitation. Commenting upon them the United States Supreme Court in Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945) said:

"Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles . . . They are by definition arbitrary . . . They represent a public policy about the privilege to litigate."

■ The authority of the General Assembly in enacting statutes of limitation is quite broad and limited only by a rule of reason. Laughlin v. Forgrave, 432 S.W.2d 308 (Supr.Ct.Mo.1968); Owen v. Wilson, 537 S.W.2d 543 (Supr.Ct.Ark.1976). I cannot say that the 3 year limitation found in 18 Del.C. § 6856 is unreasonable.

■ I have not considered the plaintiffs' argument as to fraudulent concealment on the part of the defendant, Felt, because the record clearly shows that even if the plaintiffs were to prevail on this point, they would prevail against Felt only.

Accordingly, St. Francis Hospital's motion for summary judgment is granted.

IT IS SO ORDERED.