Joyce A. HANDY, Plaintiff,

v.

James E. MARVIL, M. D., Defendant and Third-Party Plaintiff.

BEEBE HOSPITAL OF SUSSEX COUNTY, INC., a corporation of the State of Delaware, Defendant,

v.

HALL INTERNATIONAL, INC., a corporation of the State of Delaware, Third-Party Defendant.

Superior Court of Delaware, New Castle County.

Submitted Jan. 10, 1978.

Decided March 27, 1978.

John B. Kennedy, Wilmington, for plaintiff.

F. Alton Tybout and John A. Elzufon of Tybout & Redfearn, Wilmington, for defendant Beebe Hospital.

Mary Pat Trostle of Biggs & Battaglia, Wilmington, for defendant and third-party plaintiff Marvil.

William F. Taylor of Young, Conaway, Stargatt & Taylor, Wilmington, for third-party defendant Hall Intern.

LONGOBARDI, Judge.

Plaintiff Joyce Handy ("Plaintiff") suffered a fractured jaw in an automobile accident on February 8, 1975. The injury required surgery which was performed by Dr. James Marvil at Beebe Hospital on February 13, 1975. During the operation, Dr. Marvil used a surgical drill and when the operation was over, he discovered that the end of the drill bit was missing. Subsequently, he learned that the bit was imbedded in Plaintiff's jaw beneath the skin. Following the operation, Plaintiff suffered constant pain and, finally on May 19, 1975, Dr. Marvil informed Plaintiff that the drill bit tip remained in her jaw. This malpractice action was filed by Plaintiff on April 6, 1977, more than two years after the date of surgery but less than two years after Plaintiff was informed of the alleged malpractice.

Presently before the Court is Beebe Hospital's motion to dismiss and Dr. Marvil's motion for summary judgment. Both Defendants contend that the applicable statute of limitations is 18 Del.C. 6856 which became effective April 26, 1976 and is part of the Medical Malpractice Act. That statute gives Plaintiff two years from the date of the injury to bring suit. Using this statute, Defendants claim that Plaintiff had to file no later than February 13, 1977.

Plaintiff alleges that the statute of limitations as found in the Medical Malpractice Act should not apply. She invokes 18 Del.C. 6857 which provides that the procedure applicable prior to the enactment of the Medical Malpractice Act should apply when utilization of the provisions of the Medical Malpractice Act would work an "injustice."

In April, 1976, the General Assembly amended Title 18 as it pertains to health care malpractice insurance and litigation. The new law provided for a statute of limitations in Section 6856 which states:

"No action for recovery of damages upon a claim against a health care provider for personal injury, including personal injury which results in death, arising out of malpractice shall be brought after the expiration of 2 years from the date upon which such injury occurred; provided, however, that:

"(1) Solely in the event of personal injury the occurrence of which, during such period of 2 years, was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter . . . ."

The law was effective April 26, 1976; however, Plaintiff argues that the new statute should not be applicable to her since her injury occurred prior to the effective date of the statute and the law of *Layton v. Allen*, Del.Supr., 246 A.2d 794 (1968) should apply. However, even assuming that *Layton, supra,* would apply, it is clear that the Legislature intended the new statute to be applied to all cases filed after April 26, 1976 regardless of the date when the injury occurred. In the preamble to the bill, the Legislature indicated that it was aware that it was making major changes in the law and, in *Dunn v. Felt*, Del.Super., 379 A.2d 1140 (1977), Judge Wright indicated that the Legislature intended the statute to be applied as written. The fact that this new statute shortens the time period that Plaintiff had to bring her suit is of no consequence. In *Terry v. Anderson*, 95 U.S. 628, 24 L.Ed. 365 (1877), the United States Supreme Court said:

"The Court has often decided that statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is given for the commencement of an action before the bar takes effect."

Plaintiff had almost ten months after the new law was enacted to file her claim. That length of time is certainly reasonable. Thus, Plaintiff's cause of action would be barred by 18 Del.C. 6856 unless Section 6857 is applicable.

18 Del.C. 6857 was enacted as a Savings Clause and states that:

"This chapter applies to actions, cases and proceedings brought after April 26,

1976, and also applies to any further conduct of actions, cases and proceedings then pending, except to the extent that application of this chapter would not be feasible, or would work injustice, in which event former procedures apply." This clause is applicable not only to Section 6856 but also to the whole chapter and expresses the intent of the Legislature to have the Medical Malpractice Act apply absolutely to all actions, cases or proceedings brought after April 26, 1976 and apply, if feasible and if no injustice would occur, to all pending actions, cases or proceedings. Thus, the injustice clause can be invoked to get around the new statute of limitations only if Plaintiff's suit against Dr. Marvil was an action, case or proceeding pending on April 26, 1976. The term pending was defined by the United States Supreme Court in *Philadelphia, Wilmington and Baltimore Railroad Co. v. Howard*, 54 U.S. 307, 14 L.Ed. 157 (1851) where the Court stated:

> "An action is pending where it is duly entered in court. The entry of an action in court is made by an entry on the docket, of the title of the case, by the proper officer, in the due course of his official duty." 14 L.Ed. at 168.

 This definition has been applied to the recent cases arising under the Medical Malpractice Act. In *Vice v. Wilmington Medical Center*, 805 Civil Action 1975 (unreported opinion of Judge Walsh dated April 13, 1976), this Court used the injustice clause of Section 6857 because the action had been filed some nine months before the effective date of the Medical Malpractice Act. Yet, in *Dunn v. Felt, supra*, where the action was filed after the effective date of the Act, the injustice clause was not applicable.

■ Plaintiff's complaint was not filed until April 8, 1977, thus, she did not have a pending action, case or proceeding as of April 26, 1976. The fact that Plaintiff had a potential law suit against Dr. Marvil as of April 26, 1976 does not constitute a pending action, case or proceeding within the contemplation of Section 6857. Thus, the first clause of that section is applicable and the injustice clause is not applicable.

■ Since Plaintiff's suit was filed more than two years after the injury occurred, the suit is barred by 18 Del.C. 6856.

Accordingly, Defendants' motions are granted. IT IS SO ORDERED.