DANIEL GREENOCK, Adm'r of the Estate of Mary Greenock, Deceased, Plaintiff-Appellant, v. DR. F. MERKEL, Defendant-Appellee.

First District (3rd Division)    No. 78-524

Opinion filed April 25, 1979.

Robert F. Lisco, of Lisco and Field, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Williams P. Dorr & Hugh C. Griffin, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

This appeal grows out of a medical malpractice action for wrongful death. The plaintiff is the administrator of the estate of the decedent, Mary Greenock, who died following a renal transplant. Defendants were the doctor and the hospital. Both defendants pleaded the bar of the statute of limitations. The circuit court judge decided that the action was

barred as to the doctor, but allowed it to proceed against the hospital. The hospital appealed, and this court reversed, holding that the action against the hospital was also barred. (*Greenock v. Rush Presbyterian St. Luke's Medical Center* (1978), 65 Ill. App. 3d 266, 382 N.E.2d 321.) The plaintiff did not appeal the trial judge's order dismissing the doctor.

Before this court's decision, the plaintiff's lawyer, in his own name, filed a section 72 petition in the circuit court, seeking to set aside the judgment of dismissal and reopen the case. He alleged that, unknown to the court or himself earlier, the decedent had a minor grandchild (James), who was "potentially dependent" upon his grandmother; and argued that the minority of this beneficiary of the litigation tolled the statute under the provisions of section 21 of the Limitations Act (Ill. Rev. Stat., 1976 Supp., ch. 83, par. 22). The court denied the petition, and this appeal follows.

■■ The section 72 petition in this case is highly irregular. It alleges a fact, not known to the court when judgment was entered, which, if known, might have prevented entry of that judgment. But, such a petition must also normally allege that the fact was not earlier known to the moving party. The newly brought forth minor in this case is the plaintiff's nephew, and obviously plaintiff knew of him all along. The petition was able to recite novelty only because it was signed by plaintiff's counsel, rather than plaintiff himself. Counsel informs us that the plaintiff was not available at the time to file the petition; but this procedure is nevertheless itself irregular, and, so far as we can discover, impermissible. (*Frandsen v. Anderson* (1969), 108 Ill. App. 2d 194, 247 N.E.2d 183.) The only excuse counsel has offered for not having discovered James and argued his case at the proper time is the unpersuasive one that "it didn't seem important."

Before we too casually reject the petition, however, it must be re-examined in the light of this State's policy that the courts must protect the interests of minors. If the plaintiff had *never* brought this action, James' minority would have tolled the statute, and he would later have been able to cause the plaintiff, as the administrator of the decedent's estate, to bring suit on his behalf. (*Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784; see also Ill. Rev. Stat. 1977, ch. 70, par. 2.) It would be anomalous to conclude that a minor's interests will be protected, as a matter of course, if the administrator promptly brings suit, or if he does not bring suit at all, but will be unprotected if the administrator files an otherwise untimely action, and neglects to mention the minor.

A wrongful death action is brought by the administrator on behalf of all the beneficiaries; and we do not say that if the administrator simply does a poor job trying the case he has instituted, each minor may have another bite at the cherry. That would be unfair to the defendant. But here, James has never had a day in court. There has never been a trial on the merits.

We elect to treat the petition as having been filed on behalf of James, or in his interest. If he is a beneficial party in interest in the case, he was injured by the judgment, and will benefit by its being set aside. He, by his next friend, is therefore a proper person to file such a petition (*Frandsen*); and there is no reason not to allow the administrator, charged generally with the conduct of the suit, to file the petition to protect the interest of a minor who may benefit from it.

■■ ■ The petition, generously read, suggests the existence of a minor beneficiary—a fact not known to the court when judgment was entered, which, had it been known, would have defeated the statute of limitations defense. To correct such an injustice is one of the regular uses of a section 72 petition. Viewed as filed on behalf of James, or in his interest, the petition need not allege that the administrator did not earlier know of James' existence. The normal requirement that the petitioner must not earlier have known of the "new" fact derives from the principle that a section 72 petition is not to be used to relieve a person of the consequences of his own negligence or lack of diligence; but James cannot be charged with any negligence or lack of diligence so as to defeat a section 72 petition. In *Rom v. Gephart* (1961), 30 Ill. App. 2d 199, 173 N.E.2d 828, this court decided that even where a guardian ad litem had been appointed, a minor could obtain relief from a judgment if the guardian had sat idly by and done nothing. In *Consolidated Coal Co. v. Oeltjen* (1901), 189 Ill. 85, 59 N.E.2d 600, the plaintiff had brought a suit and hired an attorney, and later, by the attorney, caused the suit to be dismissed. His conservator's petition to vacate the dismissal on the ground that he was insane at the time was allowed. These cases demonstrate the solicitude of the courts for those under a legal disability, even where someone else might or should have protected their interests.

This attitude is logical, for the rule that one is bound by a judgment suffered as a result of one's own neglect or mistake is clearly not designed to do justice in each particular case, but rather to protect the finality of judgments. This desire for certainty and stability resembles what a limitations statute is designed to accomplish, but the limitations statute yields to the rights of infants.

■ In view of *Wilbon*, we decline to impute the administrator's negligence to James, or to deny James relief because of his uncle's fault. A petition under section 72 is to be considered in the light of equitable principles. (*Franklin v. Wellco Co.* (1972), 5 Ill. App. 3d 731, 283 N.E.2d 913, *cert. denied* (1973), 411 U.S. 932, 36 L. Ed. 2d 392, 93 S. Ct. 1901.) In *Nikola v. Campus Towers Apartment Building Corp.* (1940), 303 Ill. App. 516, 525, 25 N.E.2d 582, the court said:

> "The courts of Illinois * * * have encouraged the development of its statutory equivalent [section 72] and permitted its use in new

situations whenever such was consonant with the history of its common law antecedent. The expansion * * * can be traced to the tendency of the courts of law to apply equitable principles wherever necessary to prevent injustice."

■■ James cannot himself bring a wrongful death action; only the administrator, acting on his behalf, can do that. James' only possible remedy is a section 72 motion to reopen the judgment. It would be unjust to bar a minor from the courts for someone else's technical oversight. We hold that, as a minor without a guardian ad litem, interested in the suit though neither formally a party to it nor legally responsible for prosecuting it, James is entitled to relief from the judgment if he can plead and prove decisive facts unknown to the court previously. This is so even if those facts were known to the administrator.

■■ So far we have assumed that the fact of James' minority would have prevented the judgment dismissing the wrongful death action on the grounds of the statute of limitations. But James' minority is material only if he is a beneficiary of the action. Otherwise, in fact, no one could bring the section 72 petition even in his behalf.

Wrongful death recoveries are for the benefit of the surviving spouse and "next of kin." (Ill. Rev. Stat. 1973, ch. 70, par. 2.) The mere fact that James might, if his grandmother had lived, have benefited from her generosity or her feelings of obligation, does not entitle him to recover on account of her death. Creditors, for example, can have no share in a wrongful death recovery (*In re Estate of Shields* (1943), 320 Ill. App. 522, 51 N.E.2d 816), though it must be presumed that the deceased, as an honest woman, would have paid her debts had she lived long enough. Similarly, the deceased person's will has no effect upon the distribution of a wrongful death recovery. Under the statute, James can have an interest in this action only if he is among the next of kin. The petition fails to allege such a relationship; instead, it states that James is Mary's grandson. That is not the same thing. In particular, James clearly cannot be next of kin if his mother, the decedent's daughter, was alive when the decedent died.

·Moreover, since wrongful death recoveries are distributed among the spouse and next of kin in proportion to their dependence on the decedent, only those who are in some degree dependent can recover. The petition, however, alleges only that James was "potentially dependent," which does not suffice.

■■ Clearly, then, the bare facts that James is Mary's grandson, and was "potentially dependent" upon his grandmother, would not, even if known to the court, have prevented entry of the judgment. The petition as drafted was inadequate, and was therefore properly denied.

■■ We believe, however, that because James is a minor, leave should be given to amend the petition on his behalf. The defendant has received

adequate notice of the issues raised by the petition. In any event, because the statute of limitations for section 72 petitions is itself tolled by James' legal disability (Ill. Rev. Stat., 1976 Supp., ch. 110, par. 72(3)), he could probably even now file a new petition. In the interest of judicial economy, we elect to remand, to give the person acting on James' behalf the opportunity to file a sufficient petition, if he is able to do so.

We leave to the circuit court any other issues that may arise if plaintiff files an amended petition without the flaws we have noted. However, we wish to make clear that our decision in no way aids the adult relatives. They, and claims for their losses, remain barred by the statute of limitations. The administrator cannot recover more than James' own loss, and the recovery will all go to James. His loss, of course, is to be computed by the formula of the wrongful death act, involving the percentages of dependency of James and the other relatives.

The order denying the petition is vacated to allow petitioner to amend his petition, and the case is remanded for further proceedings consistent with this opinion.

Order vacated and cause remanded.

McGILLICUDDY and RIZZI, JJ., concur.