646 P.2d 1245

**Emma S. ARMIJO, Personal Representative for the Estate of Annette Armijo, Deceased, Plaintiff-Appellant,**

v.

**Matthew A. TANDYSH, Defendant-Appellee.**

**No. 5036.**

Court of Appeals of New Mexico.

Sept. 8, 1981.

Rehearing Denied Sept. 25, 1981.

Certiorari Quashed June 15, 1982.

Jerry A. Dickinson, Alfred M. Carvajal, P. A., Albuquerque, for plaintiff-appellant.

Mark C. Meiering, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

Plaintiff, as personal representative of Annette Armijo's Estate, sought damages claiming that defendant's malpractice resulted in Annette's wrongful death. The trial court dismissed the complaint with prejudice. Plaintiff appeals. We consider two issues: (1) the applicable statute of limitations; and (2) whether the applicable statute of limitations violates either equal protection or due process.

*Applicable Statute of Limitations*

The complaint alleged the malpractice occurred on May 20–21, 1977, and that Annette died on September 13, 1977. The complaint was filed August 15, 1980.

Section 41–2–2, N.M.S.A.1978, provides that a wrongful death claim "must be brought within three years after the cause of action accrues. The cause of action accrues as of the date of death." If the limitation period for a wrongful death claim applies, the complaint was not barred.

The pertinent limitation period for malpractice claims against a health care provider is "three years after the date that the act of malpractice occurred". Section 41–5–13, N.M.S.A.1978. If this limitation period applies, the complaint was barred.

*Annotation,* 80 A.L.R.2d 320 at 353 (1961), states:

> Where malpractice results in the death of a patient, the period of limitation provided in a wrongful death statute, and not the one provided for or applicable to malpractice actions, has been held controlling in an action brought for the patient's death.

This view is not applicable in New Mexico because of specific provisions in the Medical Malpractice Act.

■■■ Section 41–5–3(C), N.M.S.A.1978, defines a malpractice claim as including "any cause of action arising in this state against a health care provider * * * whether the patient's claim or cause of action sounds in tort or contract, and includes but is not limited to actions based on battery or wrongful death". The specific inclusion of a wrongful death claim within the definition of a malpractice claim makes the limitation period of § 41–5–13, supra, applicable to plaintiff's claim. The reason is that this specific inclusion controls over the general limitation period for a wrongful death claim. *Hopper v. Board of County Commissioners,* 84 N.M. 604, 506 P.2d 348 (Ct.App. 1973).

*Equal Protection and Due Process*

■■■ (a) The Legislature had a rational basis for providing, in § 41–5–13, supra, a specific limitation period for malpractice claims against health care providers. See § 41–5–2, N.M.S.A.1978; *McGeehan v. Bunch,* 88 N.M. 308, 540 P.2d 238 (1975). This limitation period is not a classification that violates the constitutional equal protection requirement. The result is that there is no equal protection violation because a wrongful death claim based on malpractice has a limitation period different from a wrongful death claim which does not involve malpractice.

(b) Section 41–5–13, supra, does not provide for two classes of defendant health care providers; there is nothing in § 41–5–13, supra, that distinguishes between health care providers. Seeking to find such a distinction, plaintiff contends that § 41–5–13, supra, applies only to "qualified" health care providers. Section 41–5–5, N.M.S.A. 1978, in Paragraph A, does provide for qualifying. Paragraph B states: "Health care providers not qualifying hereunder shall not have the benefit of any of the provisions of the Medical Malpractice Act in the event of malpractice claims against them." Plaintiff's view is that because of § 41–5–5(B), supra, the limitation period of § 41–5–13, supra, does not apply to non-qualified health care providers, and the distinction between qualified and non-qualified health care providers, for limitation of action purposes, violates equal protection.

At the time of enactment of the Medical Malpractice Act by Laws 1976, ch. 2, a malpractice claim accrued at the time of the wrongful act causing injury, and the limitation period began to run at that time. *Roybal v. White*, 72 N.M. 285, 383 P.2d 250 (1963). Thus, apart from the provision for a minor stated in § 41–5–13, supra, the enactment of the Medical Malpractice Act made no change in the applicable limitation period. *Peralta v. Martinez*, 90 N.M. 391, 564 P.2d 194 (Ct.App.1977), did make a change in the limitation period for pre-Medical Malpractice Act cases; the Medical Malpractice Act was not involved in *Peralta.*

■ Inasmuch as the legislative intent was to continue the limitation period stated in *Roybal v. White*, supra, the statutory limitation period cannot be considered to come within the meaning of "benefit" as used in § 41–5–5(B), supra. The result is that § 41–5–13, supra, applies to all malpractice claims, as defined in § 41–5–3(C), supra.

There being no distinction, for limitation of action purposes, between qualified and non-qualified health care providers, there is no basis for this equal protection argument.

(c) Inasmuch as § 41–5–13, supra, makes no distinction as to malpractice claims, there is no distinction between malpractice claim plaintiffs, i.e., those who claim against qualified providers as opposed to those claiming against providers who have not qualified, on which to base an equal protection argument.

■ (d) Under § 41–5–13, supra, the "death" portion of a wrongful death claim, see *Stang v. Hertz Corporation*, 81 N.M. 348, 467 P.2d 14 (1970), could be barred by the limitation period before death occurred. This factual situation has arisen in the past, see *Natseway v. Jojola*, 56 N.M. 793, 251 P.2d 274 (1952). Any change to be made is a matter for the Legislature. *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214 (Ct.App. 1977). This factual situation violates nei-

ther equal protection nor due process. *Anderson v. Wagner*, 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1979). See *Sellers v. Edwards*, 289 Ala. 2, 265 So.2d 438 (Ala. 1972); *Landgraff v. Wagner*, 26 Ariz.App. 49, 546 P.2d 26 (1976); *Dunn v. Felt*, 379 A.2d 1140 (Del.Super.1977); compare *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977); *Davis v. Savage*, 50 N.M. 30, 168 P.2d 851 (1946); *Mora-San Miguel Elec. Coop. v. Hick & Ragland, Etc.*, 93 N.M. 175, 598 P.2d 218 (Ct.App.1979); *Dairyland Ins. Co., Inc. v. Board of County Com'rs*, 88 N.M. 180, 538 P.2d 1202 (Ct.App. 1975).

The order of dismissal is affirmed. Plaintiff is to bear her appellate costs.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WALTERS, J., concur.