(No. 56082.—

STUART D. KENNEY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Rickey B. Harris *et al.*, Appellees).

*Opinion filed January 24, 1983.*

Winston & Strawn, of Chicago (Frank L. Butler and Danae K. Prousis, of counsel), for appellant.

Law Offices Thomas P. Haugh, of Chicago (John H. Anderson, of counsel), for appellees.

JUSTICE SIMON delivered the opinion of the court:

The principal question in this appeal by the claimant, Stuart D. Kenney, is whether the statutory three-year limitations period for claims under the Workmen's Com-

pensation Act was tolled during the minority of one who was injured after July 1, 1975. We answer that question in the affirmative and reverse both the Industrial Commission, which dismissed the claim as untimely filed, and the circuit court of Lake County, which confirmed the Industrial Commission.

Another question presented is whether the claimant is entitled to have any compensation payable to him increased by 50% because he was under 16 when the accident happened and was employed in violation of the State's child labor laws (Ill. Rev. Stat. 1975, ch. 48, par. 138.7(h)). The Industrial Commission, in view of its dismissal of the claim on the statute of limitations ground, did not reach this question of fact, and we therefore remand this claim to the Commission to decide whether the claimant was illegally employed. To assist the Commission in resolving this issue we will deal with two questions relating to it which the respondents have advanced. The first is whether the claimant raised this issue before the arbitrator; the second is whether the claimant should have been permitted to offer additional evidence before the Industrial Commission at the hearing on review.

### THE STATUTE OF LIMITATIONS ISSUE

The claimant was born on August 23, 1960. During the summer of 1975, while he was still 14, and employed at a riding stable as a groom and barn hand, he was thrown out of a front-end loader on which he was working. He fell to the ground and fractured his wrist.

The accident occurred on July 11, 1975, but Kenney's application for adjustment of claim was not filed until 1979 when he was 18. The claim was dismissed, because, although the requisite notice of the accident had been given, the claim was filed more than three years after the date of the accident.

Whether the three-year time limitation on filing

claims under the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.6(d)) was tolled by the claimant's minority is clearly a legal issue to be determined by this court; we are not bound by the Industrial Commission's decision on this question.

Ten days before the accident an amendment to the tolling provision of the Act became effective. It provided:

> "In case of *incompetency* of the employee or any dependents of a deceased employee who may be entitled to compensation under the provisions of this Act, the limitations of time by this Act provided do not begin to run against such *incompetent* until a conservator or guardian has been appointed." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 48, par. 138.6(c)(1).

A prior tolling provision which was in effect until 1975 applied in the case of the "mental" incompetence of employees (Ill. Rev. Stat. 1973, ch. 48, par. 138.6(c)(2)). The effect of the 1975 amendment was to eliminate "mental" and substitute "incompetency" for mental incompetence. The 1975 amendment left the tolling provision substantially similar to the one which prevailed prior to 1927 and which provided:

> "In case an injured employee shall be *incompetent* at the time when any right or privilege accrues to him under the provisions of this Act, a conservator or guardian may be appointed pursuant to law, and may, on behalf of such *incompetent*, claim and exercise any such right or privilege with the same force and effect as if the employee himself had been competent and had claimed or exercised said right or privilege; and no limitations of time by this Act provided shall run so long as said *incompetent employee* is without a conservator or guardian." (Emphasis added.) (Smith's Ill. Rev. Stat. 1921, ch. 48, par. 145(h).)

We do not regard the differences in the pre-1927 and the post-July 1, 1975, tolling provisions as significant for the purposes of disposing of Kenney's claim.

The controlling precedent is *Walgreen Co. v. Industrial*

*Com.* (1926), 323 Ill. 194, in which the pre-1927 tolling provision was applied to the claim of a minor. The court decided that the word "incompetent" as used in the then applicable statute included minors, that the public policy of Illinois was to guard the rights of minors carefully, and that the limitations of time provided by the Act did not run against a minor so long as he was without a guardian.

Even after the statute was amended in 1927, this court did not shun the reasoning it followed in *Walgreen.* In *Ferguson v. Industrial Com.* (1947), 397 Ill. 348, the court applied the 1927 amendment to the claim of a minor, holding that the substitution of the words "mentally incompetent" for the word "incompetent" in the earlier statute excluded minors from the tolling provision. It explained that its failure to follow *Walgreen* was because of the new wording and not because *Walgreen* had been erroneously decided. *Johnson v. Industrial Com.* (1972), 53 Ill. 2d 23, also a claim by a minor injured while the post-1927 provision was in effect, rejected the claim as filed too late, and in doing so relied on *Ferguson* as controlling; in its decision in *Johnson,* the court restated the holding in *Walgreen* as follows:

> "In *Walgreen* this court decided that the unqualified term "incompetent" included a minor and therefore section 8(h) of the 1919 Workmen's Compensation Act (Smith, Ill. Rev. Stat. 1921, ch. 48, par. 145(h)) applied, and the six-month period for filing claims for compensation did not begin to run against the minor employee until a guardian had been appointed for him." (*Johnson v. Industrial Com.* (1972), 53 Ill. 2d 23, 24-25.)

Although the *Johnson* decision in no way attacked the credibility of *Walgreen,* it recognized *Ferguson* rather than *Walgreen* as "controlling" because the pertinent statutory wording—"mentally incompetent"—remained unchanged.

The 1975 amendment, by employing language similar to that used prior to 1927, erased the holdings in *Ferguson* and *Johnson* as controlling precedents in the case of

minors who were not mentally incompetent or did not suffer from mental incapacity. It restored *Walgreen* to the status of a controlling precedent, especially because of the admonition in *Walgreen* that "it is the public policy of this State that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision." *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, 197.

The respondents argue that *Walgreen* was incorrectly decided and should not be followed because the Workmen's Compensation Act provides that "[e]very person in the service of another *** including aliens, and minors *** are considered the same and have the same power to *** receive payments and give quittances therefor, as adult employees." (Ill. Rev. Stat. 1975, ch. 48, par. 138.1(b)(2).) Respondents' contention that this permits a minor to file a claim in his own name does not detract from the conclusion this court expressed in *Walgreen* that the word "incompetent" standing alone, and without qualification, includes a minor. An identical argument was considered and rejected in *Walgreen* with respect to a similar provision in the Act as it existed prior to 1927.

We see no reason not to respect the authority of *Walgreen*. Respondents have failed to demonstrate that it was incorrectly decided. They have pointed out no substantial distinction between the tolling provision applied in *Walgreen* and the one the parties agree is applicable here. They have offered no justification for departing from *Walgreen*, and it clearly appears that by the 1975 amendment the General Assembly intended to return to it.

*Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, lends support to our conclusion, for in that case this court relied on the above-quoted language from *Walgreen* in concluding that the time limitations of the wrongful death statute did not run against a minor even in the absence of a specific

tolling provision. Respondents seek to distinguish *Wilbon* on the ground that the wrongful death statute has no provision directing that a minor be treated as an adult and allowing him to bring suit in his own name. This argument does not detract from the observation that *Wilbon* embraced *Walgreen* by quoting from it with approval.

Finally, we distinguish our recent decision in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1. It involved a claim under the Dramshop Act and the holding 22 years earlier in *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, that there was no tolling under that act during plaintiff's minority. *Demchuk* differs from this case in two respects. First, our dramshop act contains no tolling provision exempting minors from the time limitations contained in the statute. In that regard it is similar to the Workmen's Compensation Act during the period from 1927 to 1975 when *Ferguson* and *Johnson* accurately expounded the law. Second, in reaching our conclusion in *Demchuk* that the limitations provision did not exempt minors we relied on *Lowery*, a decision to the same effect, and the acquiescence by the legislature in that decision demonstrated by its failure over a 22-year span of time to amend the Dramshop Act to add a tolling provision for minors. Here we have legislative action rather than inaction; the legislature has amended the Workmen's Compensation Act to provide language which restores the exemption for minors which existed prior to the 1927 amendment. The operative facts of this case all occurred after the amendment to the Act became effective. To decide this case as *Ferguson* and *Johnson* were decided rather than in the way *Walgreen* was decided would give no effect to the 1975 amendment.

### THE EVIDENCE QUESTIONS

Contrary to the employer's contention, our view is that the question of whether Kenney was employed in violation of the State child labor laws should be considered by the Industrial Commission on the remand. The record demon-

strates that this question was understood by the parties to be an issue at the hearing before the arbitrator, and that the attorney for the employer even insisted at one point that he had a right to ask questions pertinent to it. We do not find the fact that the parties had earlier stipulated that the only issues were limitations, notice, wages, medical expenses, disability, and nature and extent of injury to be controlling where the subsequent conduct of the parties at the arbitration hearing clearly indicates that they considered other issues to be in controversy. (See *Bray v. Industrial Com.* (1972), 50 Ill. 2d 262.) Moreover, because the claim was disposed of on the limitations issue, the question of whether Kenney's employment violated the child labor laws was never addressed. The respondents are therefore not prejudiced if this issue is left open for consideration, and it would be unfair to preclude Kenney from raising the issue on the remand where it would have been considered earlier but for the dismissal of the claim on limitations grounds.

The final question is whether the claimant should have been permitted to offer additional testimony at the hearing on review. Kenney argues that section 19(e) of the Act permitted him to amplify his testimony at the review hearing. He also relies on *Rysdon Products Co. v. Industrial Com.* (1966), 34 Ill. 2d 326, where this court, in rejecting the objection that a claimant who testified before an arbitrator could not amplify his testimony at the review hearing said:

"[T]he asserted construction is not justified by the language of the statute. The meaning of 'additional' is 'added,' or 'extra,' (Webster's New Int. Dictionary, 2d ed., p. 30,) and the legislative direction that 'additional evidence' may be heard, is not a limitation upon the persons who may testify before the Commission." 34 Ill. 2d 326, 331.

In resolving this question it is not necessary to base our decision on the authority which Kenney presents. Since, as noted above, neither the arbitrator nor the Commission has

addressed the child-labor-law issue, receiving additional evidence on this subject on the remand will not be prejudicial to the respondents.

*Reversed and remanded,*
*with directions.*