JOAN DACHS, Adm'r of the Estate of Zev N. Dachs, Deceased, Plaintiff-Appellee, v. LOUIS A. WEISS MEMORIAL HOSPITAL, Defendant-Appellant (Solomon Sobel, Defendant).

First District (2nd Division)   No. 86—1954

Opinion filed May 12, 1987.

Lord, Bissel & Brook, of Chicago (William C. Anderson III, Hugh C. Griffin, and Dianne I. Jennings, of counsel), for appellant.

William J. Sneckenberg & Associates, Ltd., and Bradley, Bradley & Nedderman, both of Chicago (William N. Sneckenberg, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

The issue presented in this appeal is whether the statute of limitations for a wrongful death lawsuit, based upon medical malpractice and brought on behalf of minor children of decedent, is tolled during the minority of decedent's children.

Decedent, Zev N. Dachs, died on December 16, 1973, after receiving medical treatment from defendants Louis A. Weiss Memorial Hospital (hospital) and Dr. Solomon Sobel, who is not a party to this appeal. Four of decedent's children were minors at the time of his death. Their birthdates were December 11, 1964, March 8, 1966, May 7, 1969, and February 28, 1973. Decedent's widow became administrator of her husband's estate on September 17, 1985. On October 24,

1985, she filed a two-count complaint charging defendants with negligence that caused decedent's wrongful death.

On December 6, 1985, the hospital filed a motion to dismiss the complaint with prejudice for failure to comply with the medical malpractice statute of limitations, section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), which provides in pertinent part:

"No action for damages for injury or death against any physician, dentist, registered nurse or hospital *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death *** whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death ***.

If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability *** the period of limitations does not begin to run until the disability is removed."

On May 23, 1986, plaintiff responded to the motion, asserting that the applicable limitations period was set forth in section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 2), which provides in pertinent part:

"Every such action shall be commenced within 2 years after the death of such person ***. *** However, if a person entitled to recover benefits under this Act, is, at the time the cause of action accrued, within the age of 18 years, he or she may cause such action to be brought within 2 years after attainment of the age of 18."

Following argument, the circuit court denied the hospital's motion and certified the question of the applicable statute of limitations for interlocutory appeal under Supreme Court Rule 308 (87 Ill. 2d R. 308). On July 8, 1986, in response to the hospital's motion, the circuit court vacated a portion of its original order and stayed further proceedings pending this appeal. The question certified is:

"Where a decedent leaves surviving minor children, is a cause of action for his 1973 death, filed in 1985 and predicated on medical malpractice, subject to the limitation period of section 13—212 of the Illinois Code of Civil Procedure (Ill. Rev. Stats.

1985, ch. 110, sec. 13—212) \*\*\* or is it governed by section 2 of the Wrongful Death Act (Ill. Rev. Stats. 1985, ch. 70, sec. 2), providing that the limitation period for bringing an action for wrongful death is tolled during the minority of persons entitled to recover benefits under the Act?"

We have allowed the Rule 308 appeal.

The hospital asserts plaintiff's action is barred by the specific malpractice statute of limitations because that statute's provisions govern, not the more generalized wording of the Wrongful Death Act, pointing out that the tolling provision of the malpractice statute is limited to persons entitled to bring the action but that under the wrongful death statute the representative of decedent's estate, not a beneficiary, is entitled to bring the action.

■ Illinois public policy favors protecting the rights of minors and refuses to bar claims by minors not timely pursued by their personal representatives, as exemplified by *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784 (*Wilbon*). In *Wilbon*, our supreme court held that the two-year limitation in the Wrongful Death Act did not extinguish the claims of minors even in the absence of a specific tolling provision. The circuit court in the present case correctly relied upon *Wilbon*.

Our legislature, in enacting the medical malpractice statute of limitations, sought to sever the "long tail" exposure to malpractice claims resulting from the discovery rule (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 312, 316, 402 N.E.2d 560, *appeal dismissed sub nom. Woodward v. Burnham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54) and to balance the individual's interest in recovery with the public's interest in affordable and available health care (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 317, 402 N.E.2d 560; *Burgdorff v. Siqueira* (1982), 109 Ill. App. 3d 493, 495, 440 N.E.2d 920). The wording of the medical malpractice limitations statute is broad, "whether based upon tort, or breach of contract, or otherwise" (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), and it has been applied to many contract and tort actions, including wrongful death (*Real v. Kim* (1983), 112 Ill. App. 3d 427, 430-32, 445 N.E.2d 783), a breach of warranty claim (*Desai v. Chasnoff* (1986), 146 Ill. App. 3d 163, 167, 496 N.E.2d 1203), and a breach of contract action (*Brown v. Mason* (1985), 132 Ill. App. 3d 439, 441, 477 N.E.2d 61).

Another public policy of at least equal dignity is at stake, however, and this policy is of longer duration: the protection of the rights of minors. (*Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 520-21, 434 N.E.2d 290; *Wilbon v. D. F. Bast Co.* (1978), 73 Ill.

2d 58, 67-69, 73, 382 N.E.2d 784.) Minors with meritorious legal actions will not be left to the whims of self-constituted next friends to enforce their rights. (*McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 56, 120 N.E. 476; *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 520, 434 N.E.2d 290.) Statutes of limitation consistently have been construed so as to preserve a minor's right to a day in court. *Flores v. St. Mary of Nazareth Hospital* (1986), 149 Ill. App. 3d 371, 377, 502 N.E.2d 1; *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 135, 446 N.E.2d 1255; *Girman v. County of Cook* (1981), 103 Ill. App. 3d 897, 898-900, 431 N.E.2d 1291; *Serafini v. Chicago Transit Authority* (1979), 74 Ill. App. 3d 738, 739, 393 N.E.2d 1120; *Greenock v. Merkel* (1979), 71 Ill. App. 3d 958, 960-62, 390 N.E.2d 78.

The foregoing policy is twice mentioned in the malpractice legislation. Under section 13—211 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—211), if the person entitled to bring an action for medical malpractice specified in section 13—212 (Ill. Rev. Stat. 1985, ch. 110, par. 13—212) is under the age of 18 years, he or she may bring the action within two years after the disability is removed. Again, in section 13—212, the legislature saw fit to repeat that if the person entitled to bring the action is under the age of 18 at the time the cause of action occurred, the period of limitation does not begin to run until the disability is removed. The hospital insists, however, that the foregoing language applies only in those instances where the minor is the direct alleged victim of the asserted malpractice and that it is inapplicable to those merely entitled to recover benefits, such as the minor beneficiaries in the present case, as contemplated by section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 2).

█ The hospital's argument overlooks the identity of those to whom the claim belongs for recompense based upon alleged malpractice. In the case of a surviving malpractice victim under the age of 18, there can be no doubt that such a minor, under sections 13—211 and 13—212, may await the attainment of majority plus two years before an action need be brought. Contrary to the holding in *Deloach v. Emergency Medical Group* (1980), 155 Ga. App. 866, 274 S.E.2d 38, on which the hospital relies, where the victim of malpractice dies, although the Wrongful Death Act recognizes that an action will be "brought 'by and in the names of the personal representative of such deceased person,' the legislative intent is that *the claims are those of the individual beneficiaries.*" (Emphasis added.) (See *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 68, 382 N.E.2d 784; *Johnson v. Village*

*of Libertyville* (1986), 150 Ill. App. 3d 971, 973, 502 N.E.2d 474.) Therefore, whether the claim is one emanating from injury directly to a minor affecting his or her interest, or a claim resulting from an injury to the minor's next of kin affecting the minor's pecuniary interest, is a legislative distinction without an intended remedial difference. We find, accordingly, that as to those Dachs minors who did not attain age 18 plus 2 years at the time the instant lawsuit was filed, the respective statutes of limitation were tolled and their causes of action are viable, requiring affirmance of the circuit court so holding.

This foregoing principle has been applied to give minors additional time to file their claims in other situations: to permit minors to file workmen's compensation claims (*Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, 153 N.E. 831), to allow minors to file school tort claims without meeting notice requirements (*Haymes v. Catholic Bishop of Chicago* (1965), 33 Ill. 2d 425, 211 N.E.2d 690), and to permit minors to bring suits against dissolved corporations within two years of reaching their majority (*Moore v. Nick's Finer Foods, Inc.* (1984), 121 Ill. App. 3d 923, 460 N.E.2d 420). Although the statute of limitations was not held tolled for minors in the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135), in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 5, 8, 440 N.E.2d 112, that cause of action was deemed purely statutory.

Our supreme court has clearly held that the two-year limitations provision of the Wrongful Death Act (Ill. Rev. Stat. 1971, ch. 70, par. 2) was tolled for minors, doubting that the legislature intended that a minor's claim should be extinguished by the failure of the personal representative of the deceased, whom the minor could not select or control, to timely file a claim. (*Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 69, 382 N.E.2d 784.) The legislature in 1977 specifically amended the Wrongful Death Act to provide a tolling period for minors. (Ill. Rev. Stat. 1977, ch. 70, par. 2.) This policy was reexamined and affirmed in *Kenney v. Industrial Com.* (1983), 93 Ill. 2d 516, 521-22, 445 N.E.2d 305. We find no basis or reason upon which to premise a departure from that policy.

The hospital's reliance on *Desai v. Chasnoff* (1986), 146 Ill. App. 3d 163, 496 N.E.2d 1203, *Roberson v. Taylor* (1983), 115 Ill. App. 3d 587, 451 N.E.2d 16, and *Brown v. Mason* (1985), 132 Ill. App. 3d 439, 477 N.E.2d 61, is misplaced since none of the cases involves the rights of minors. The same is true of out-of-State authorities cited by the hospital: *Armijo v. Tandysh* (1981), 98 N.M. 181, 646 P.2d 1245, *cert. denied* (1982), 459 U.S. 1016, 74 L. Ed. 2d 510, 103 S. Ct. 377; *Weiss v. Bigman* (1978), 84 Mich. App. 487, 270 N.W.2d 5; and *Eland*

*v. Aylward* (Fla. App. 1979), 373 So. 2d 92. The hospital also cites *Real v. Kim* (1983), 112 Ill. App. 3d 427, 430-34, 445 N.E.2d 783, as specifically applying the malpractice limitations section to bar wrongful death claims; however, there the alleged medical negligence occurred more than four years prior to decedent's death. The Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 1) permits recovery only where the injured party would have been entitled to file an action; the decedent in *Real* could not have done so, having allowed the four-year medical malpractice limitation period to expire. Neither *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, nor *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 490 N.E.2d 665, involved the interests of minors, as enunciated by the legislature in sections 13—211 and 13—212 of the malpractice statute and section 2 of the Wrongful Death Act, as those interests are presented in the case *sub judice*.

For the reasons above-stated, we answer the certified question by holding that minors' interests in wrongful death claims, during the period of their minorities, toll the statute of limitation provided in section 13—212 of the medical malpractice statute. (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.) Accordingly, we affirm the circuit court's denial of the hospital's motion to dismiss.

Affirmed.

STAMOS and BILANDIC, JJ., concur.