This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40620**

**MARGARET PADILLA, Individually and as Personal Representative of the ESTATE OF BETTY J. PADILLA,**

 Plaintiff-Appellant,

v.

**PRESBYTERIAN HEALTHCARE SERVICES d/b/a PLAINS REGIONAL MEDICAL CENTER; DR. EDWARD JOSEPH PIENKOS; DR. LESLIE DONALDSON; and SARAH NEAL, RN, as employees and/or contractors of PLAINS REGIONAL MEDICAL CENTER, and in their individual capacity,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Court Judge**

The Law Office of Ross R. Bettis
Ross R. Bettis
Hobbs, NM

for Appellant

Atwood, Malone, Turner & Sabin, P.A.
Carla Neusch Williams
Roswell, NM

for Appellee Presbyterian Health Care Services

Krehbiel & Barnett, P.C.
Ryan Wityak
Albuquerque, NM

for Appellee Leslie Donaldson, M.D.

Edward Joseph Pienkos, MD
Clovis, NM

Pro Se Appellee

Sarah Neal, RN
Clovis, NM

Pro Se Appellee

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff is appealing from two district court orders dismissing the complaint. The first order dismissed the complaint against Defendant Donaldson under the applicable three-year statute of limitations for personal injury. [RP 118, 120] *See* NMSA 1978, § 37-1-8 (1880). The second order dismissed the complaint against Defendant Presbyterian under the applicable three-year statute of repose, which applies to qualified healthcare providers. [RP 118, 122] *See* NMSA 1978, § 41-5-13 (2021); *Armijo v. Tandysh*, 1981-NMCA-098, ¶ 6, 98 N.M. 181, 646 P.2d 1245 (stating that this statute of repose applies, inter alia, to wrongful death actions based on medical malpractice), *overruled on other grounds by Roberts v. Southwest Cmty. Health Servs.*, 1992-NMSC-042, ¶ 19, 114 N.M. 248, 837 P.2d 442. Because the district court considered matters outside of the pleadings, we construe the court's order as one of summary judgment. *See Tunis v. Country Club Estates Homeowners Ass'n*, 2014-NMCA-025, ¶ 17, 318 P.3d 713.

**{2}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

**{3}** Here, Plaintiff's complaint was filed on September 28, 2021, alleging malpractice for care received by Decedent on September 20, 2018. [RP 1] The motions to dismiss were based on the fact that the complaint was filed past the three-year statutory deadlines. [RP 14, 90] This was sufficient to establish a prima facie ground for barring the complaint under the applicable limitation periods. *See generally Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 18, 114 N.M. 228, 836 P.2d 1249 (discussing summary judgment burden shifting). In response, Plaintiff claimed that she was first told by a family friend that a nurse believed Decedent was given too much medication. [RP 87] Plaintiff's second amended complaint specifically claimed that a nurse during Decedent's September 20, 2018, treatment "admitted in front of two witnesses that she must have given [Decedent] too much Fentanyl." [RP 134] Plaintiff's fraudulent

concealment claim is based on the alleged failure of Defendants to contemporaneously disclose this information.

{4}     As the district court observed in its letter decision, Plaintiff never responded to Defendant Donaldson's motion to dismiss. [RP 118] Where a nonmovant fails to respond to a motion for summary judgment, the district court may enter summary judgment on the movant's prima facie case. *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 21, 416 P.3d 264. In that circumstance, "[a]ll material facts set forth in the statement of the moving party shall be deemed admitted." Rule 1-056(D)(2) NMRA. As such, we conclude that Defendant Donaldson was entitled to summary judgment based on the statute of limitations.

{5}     With respect to Defendant Presbyterian, the district court relied on Plaintiff's own claim that the alleged concealment was discovered approximately two months after the incident occurred. [RP 118] As a result, Plaintiff still had practically all of the statutory period left to file her claim, which undermines fraudulent concealment as a basis for extending the limitations period. *See Blea v. Fields*, 2005-NMSC-029, ¶ 28, 138 N.M. 348, 120 P.3d 430 (noting that, in considering whether the statute of limitations should be tolled based on fraudulent concealment, the court considers whether the plaintiff "lacked knowledge of her cause of action and could not have discovered it by exercising reasonable diligence during the statutory period"). Given the undisputed facts with respect to the date of alleged negligence and the asserted date of discovery, we conclude that the district court ruling was not made in error. *See Tomlinson v. George*, 2005-NMSC-020, ¶¶ 13, 15, 138 N.M. 34, 116 P.3d 105 (concluding that fraudulent concealment did not preclude the defendant from asserting the limitations period as a defense because the defendant did not prevent the plaintiff from filing suit within the statutory period).

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**