JOYCE A. BROWN, Plaintiff-Appellant, v. JOHN C. MASON, JR., *et al.*, Defendants-Appellees.

Fourth District   No. 4—84—0464

Opinion filed April 1, 1985.

Kenneth W. Blan, Jr., of Blan Law Offices, of Danville, for appellant.

Heyl, Royster, Voelker & Allen, of Urbana (Edward M. Wagner and Bruce L. Bonds, of counsel), for appellee John C. Mason, Jr.

David G. Bernthal, of Danville, for appellee Lakeview Medical Center.

JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiff, Joyce Brown, filed suit against the defendants, John Mason, Jr., and Lakeview Medical Center, for medical malpractice. The trial court dismissed the complaint, holding that the plaintiff's cause of action was barred under section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). The plaintiff appeals, contending the statutory period under either section 13—205 or section 13—215 should be applied to her cause of action. (Ill. Rev. Stat. 1983, ch. 110, pars. 13—205, 13—215.) She also maintains section 13—212 violates the equal protection clauses of the Illinois and Federal constitutions.

On January 20, 1980, Mason performed a surgical procedure on the plaintiff at the Lakeview Medical Center for sterilization purposes. The plaintiff, however, became pregnant on or about October 20, 1982, and delivered a child on July 26, 1983. She filed her complaint on April 11, 1984. Under both a negligence count and a breach of contract count, she sought damages for pain of pregnancy and childbirth, loss of income, medical expenses, and child-rearing expenses.

On June 13, 1984, the trial court held a hearing on the defendants' motions to dismiss. No verbatim transcript of the proceedings was made, but pursuant to Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)), the plaintiff filed a proposed report of the proceedings, which the trial court later certified. The report discloses the defendants' motions were based upon section 13—212. Responding to the motions, the plaintiff orally sought leave to plead over so that either section 13—205 or section 13—215 would apply. She argued there had been both a written and an implied contract. She also alleged specific assurances had been made to her which were false. The trial court orally denied the plaintiff's request to amend her complaint. The trial court dismissed the plaintiff's complaint with prejudice.

Section 13—212 of the Code provides, in pertinent part:

"No action for damages for injury or death against any physi-

cian, dentist, registered nurse or hospital duly licensed by the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act." (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.) The trial court held the plaintiff's complaint was barred by this section because it had been filed more than four years after the surgery.

■ The plaintiff contends section 13—205 of the Code should apply to her contract claims. That statute imposes a five-year limitation period for actions on unwritten contracts, expressed or implied. The plaintiff maintains the statute should be applied because it does not expressly exclude medical malpractice actions. Under the same rationale, it could be argued that section 13—202 (Ill. Rev. Stat. 1983, ch. 110, par. 13—202) and the "discovery rule" should be applied to personal injury actions against doctors and hospitals. The four-year outer limit of section 13—212 would be rendered meaningless. In cases of conflict, specific statutory provisions prevail over general ones. (*Board of Education v. Carter* (1983), 119 Ill. App. 3d 857, 458 N.E.2d 50.) Section 13—212, not section 13—205, applies to causes of action for breach of contract against doctors and hospitals. *Roberson v. Taylor* (1983), 115 Ill. App. 3d 587, 451 N.E.2d 16.

The plaintiff alleges the defendants fraudulently concealed knowledge of a cause of action from her. Under section 13—215, if the person liable fraudulently conceals knowledge of a cause of action from one entitled to bring it, the person entitled to bring the cause of action may bring suit within five years after he discovers he has a cause of action. The plaintiff concludes the trial court erred in not permitting her to amend her complaint to allege fraudulent concealment.

In *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, the plaintiffs maintained section 22 of the Limitation Act (now section 13—215) tolled the running of the four-year limitation period for medical malpractice actions. The supreme court did not decide whether the statute applied to medical malpractice actions but instead, invited the legislature to decide the issue. The court did state section 22 did not toll the running of the limitation period if a reasonable time remained

within the applicable statute of limitations after the plaintiff discovers the "fraudulent concealment." The court noted the four-year limitation period had not run for a minimum of seven months or a maximum of 16 months from the date the plaintiffs discovered the basis for their cause of action. The court concluded:

"We cannot say that the trial court erred in holding that plaintiffs' cause of action was barred. It appears that had they exercised diligence after discovery of the alleged fraud their action would not have been barred by the statute." 79 Ill. 2d 295, 322, 402 N.E.2d 560, 573.

After *Anderson,* the legislature amended section 13—212 to state the four-year limitation applied to medical malpractice cases except as provided in section 13—215. The amendment, however, had no effect on the general applicability of section 13—215. That statute still does not apply when the plaintiff discovers the fraudulent concealment and a reasonable time remains before the applicable statute of limitations runs. In the present case, the plaintiff must have discovered the defendant's alleged representations were false sometime between the date she became pregnant and the date she delivered. Thus, the date of discovery was between 5½ months and almost 15 months prior to the date the statute of limitations would run. With the exercise of diligence, her cause of action would not have been barred. The trial court, therefore, did not err in refusing to let her amend her complaint.

■ Finally, the plaintiff asserts section 13—212 violates the equal protection clause. She cites *Shessel v. Stroup* (1984), 253 Ga. 56, 316 S.E.2d 155, in which the Georgia Supreme Court found its two-year statute of limitations on medical malpractice claims unconstitutional as a denial of equal protection as applied to claims for injuries which occur more than two years after the negligent act or omission occurred. We note the same situation is not present here because the plaintiff discovered her injury within the statutory period.

Mason argues the plaintiff waived her constitutional argument by failing to raise it in the trial court. The report of proceedings prepared by the plaintiff does not refer to any constitutional argument being raised. Questions regarding the constitutionality of a statute cannot be raised for the first time on appeal. In order for a trial court to pass upon a constitutional question, the record must disclose that the objection was called to the attention of the trial court and ruled upon by it. (*People ex rel. Toman v. Belmont Radio Corp.* (1944), 388 Ill. 11, 20, 57 N.E.2d 479, 483.) The plaintiff asserts the lack of a verbatim transcript makes it impossible to determine whether the argument was raised. The burden, however, is on the party raising an issue on appeal to

present an adequate record. If the reviewing court cannot ascertain whether the appellant raised an issue in the trial court, the question may not be argued on appeal. *Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 911, 393 N.E.2d 707, 709-10.

Even if the constitutionality of section 13—212 were open to review, we would be bound by the supreme court's decision in *Anderson*. The court found the predecessor to section 13—212 was a reasonable attempt to remedy what the legislature perceived to be a medical malpractice insurance crisis. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 316, 402 N.E.2d 560, 570.) The plaintiff notes that although the court in *Anderson* found neither a due process violation nor a special legislation violation of section 13 of article IV of the Illinois Constitution, the court did not succinctly state whether the statute violated the equal protection clause. The grounds on which the court in *Shessel* found an equal protection violation, however, were rejected in *Anderson*, although the court described those grounds as an unarticulated, due process argument. (79 Ill. 2d 295, 311-12, 402 N.E.2d 560, 567-68.) As this court noted in its decision in *Anderson*, purported violations of due process and equal protection under the statute would be judged by substantially identical standards. (*Anderson v. Wagner* (1978), 61 Ill. App. 3d 822, 827, 378 N.E.2d 805, 809.) Moreover, the same test is applied in both special legislation and equal protection attacks. The court must decide whether the classification is unreasonable. (*Illinois Polygraph Society v. Pellicano* (1980), 83 Ill. 2d 130, 138, 414 N.E.2d 458, 463.) In *Anderson*, the court held that distinguishing between medical malpractice defendants and other professional malpractice defendants was reasonable. It necessarily follows that distinguishing between medical malpractice plaintiffs and other plaintiffs is not unreasonable. In effect, the supreme court in *Anderson* rejected the claims that the medical malpractice statute of limitations violated any provision of either the Illinois or United States constitution. *Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876, 877, 428 N.E.2d 941, 942.

For these reasons, the order of the trial court is affirmed.

Affirmed.

WEBBER and TRAPP, JJ., concur.