**In re ASBESTOS SCHOOL LITIGATION.**

**This Document Relates to: All Actions.**

**No. 83–0268.**

United States District Court, E.D. Pennsylvania.

Feb. 5, 1987.

David Berger, Herbert B. Newberg, Philadelphia, Pa., for plaintiffs.

Lawrence T. Hoyle, Philadelphia, Pa., for defendants—U.S. Gypsum Co., Nat. Gypsum Co. and W.R. Grace & Co.

Ralph W. Brenner, Philadelphia, Pa., for defendants—Celotex Corp. & Carey Canada, Inc.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Class plaintiffs have moved for an injunction, pursuant to Fed.R.Civ.P. 23(d)(2),[1] to prohibit defendants, United States Gypsum Co., National Gypsum Co., W.R. Grace & Co., Owens-Corning Fiberglas Corp., The Celotex Corp., and Pfizer, Inc., and the Safe Buildings Alliance from sending the booklet *"What You Should Know About Asbestos In Buildings"*, (the booklet) to any class member or from directly or indirectly communicating with any class member. Furthermore, if these defendants have already sent this booklet or similar information to the class members, class plaintiffs request this court to enter an order "requiring the party or parties who sent such material or made such contacts to identify and/or produce to the Court and plaintiffs' counsel such contacts or material, the class members contacted or to whom the information was sent, and the dates such contacts were made or material sent...." Motion for Preliminary Injunction and for Expedited Hearing on Such Motion at 2.

1. Class Plaintiffs' originally characterized this motion as one for a preliminary injunction. However, in their reply memorandum they specified that this was a motion for an injunction pursuant to Fed.R.Civ.P. 23(d)(2) and not pursuant to Fed.R.Civ.P. 65.

Defendants argue that this motion should be denied (1) since the Safe Buildings Alliance (SBA) and not the defendants sent the booklet to the class members; (2) since there has been no showing of specific harm to the integrity of the class caused by the booklet; (3) since the proposed injunction would be an unconstitutional prior restraint on the SBA's constitutionally protected speech; and (4) since the plaintiffs have failed to meet the standards in this circuit for a preliminary injunction.[2]

"An order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981). "[S]uch a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102, 101 S.Ct. at 2201.

In accordance with these requirements an evidentiary hearing was held before this court on November 10, 1986. Both sides have submitted extensive briefs in support of their positions. The following are this court's findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The Safe Buildings Alliance (SBA) was incorporated on September 24, 1984.

2. United States Gypsum Company, National Gypsum Company, W.R. Grace & Co., and The Celotex Corporation, defendants in this class action, are the members of the SBA. Owens-Corning Fiberglas Corp. which is also a defendant in this class action, is an associate member of the SBA.

3. The companies mentioned above (SBA defendants) provide virtually all of the SBA's funds.

4. Pfizer, Inc., a defendant in this class action, although it is not a member of the SBA, has contributed insignificantly to the financing of the SBA.

5. The SBA has an Executive Committee comprised of representatives of the member companies.

6. The SBA's Board of Directors is comprised of representatives of the member companies and a president chosen by the member companies.

7. Counsel for the SBA member companies received copies of the minutes of the SBA Executive Committee meetings.

8. In 1984 a booklet, *What You Should Know About Asbestos in Buildings* was published by the SBA. This booklet was revised in 1986.

9. Counsel for the SBA member companies assisted in the preparation of the draft brochure that became the SBA publication, *What You Should Know About Asbestos in Buildings* and approved the final form of this booklet.

10. The booklet on page eight states that "[t]he mere presence of asbestos-containing materials in a building is no cause for alarm." The booklet suggests that the removal of asbestos from a building is not always warranted to avoid exposure and it suggests some practical alternatives "to the dangerous process of indiscriminate removal of asbestos-containing products."

11. On page one of the booklet the SBA states "[t]he Safe Buildings Alliance is an incorporated association of manufacturers who previously supplied or whose subsidiaries previously supplied asbestos-containing materials for building construction."

12. The SBA distributed the booklet to various members of the plaintiff class in this litigation in 1984 and 1986 without the permission of class plaintiffs' counsel or this court.

**2.** Defendant Pfizer, Inc. further argues that the motion should be denied to the extent that it includes Pfizer, Inc., since it "does not have and has not had the power or authority to write or mail brochures or any other form of SBA com- munication to class members, did not do so, and is not doing so...." Response of Defendant Pfizer, Inc. to Plaintiffs' Proposed Pretrial Order Relating to Safe Buildings Alliance at 1.

## CONCLUSIONS OF LAW

■ 1. Due to the financial and operational control that the SBA defendants exercise over the SBA, the SBA is merely the alter ego of the SBA defendants, United States Gypsum Co., National Gypsum Co., W.R. Grace & Co., The Celotex Corporation, Owens-Corning Fiberglas Corp.

2. Statements made and materials published by the SBA, including the booklet in question are actually statements made and materials published by the SBA defendants.

■ 3. The SBA defendants, as defendants in a class action, do not have an unrestricted right to communicate with members of the plaintiff class.

4. It is this court's duty "to direct the best notice practicable to class members ... and to safeguard them from unauthorized, misleading communications from the parties or their counsel." *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir.1980).

5. "Unapproved notice to class members which are factually or legally incomplete lack objectivity and neutrality ... [and] will surely result in confusion and adversely affect the administration of justice." *Id.*

6. "Although litigants do not 'surrender their First Amendment rights at the courthouse door,' *In re Halkin*, 598 F.2d 176, 186 (D.C.Cir.1979), those rights may be subordinated to other interests that arise...." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

7. When considering limiting a party's speech a court must make the "common sense distinction between speech proposing a commercial transaction which occurs in an area traditionally subject to government regulation, and other varieties of speech." *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 64, 103 S.Ct. 2875, 2879, 77 L.Ed.2d 469 (1983).

8. Our Constitution "accords less protection to commercial speech than to other constitutionally safeguarded forms of expression." *Id.* at 64–65, 103 S.Ct. at 2878–2879.

9. "Commercial speech consists of expression related largely or solely to the economic interest of the speaker.... Commercial speech encompasses not merely direct invitation to trade, but also communication designed to advance business interests, exclusive of beliefs and ideas." *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1203, n. 22 (11th Cir.1985) (citations omitted).

10. The SBA booklet advances the position that removal of asbestos from buildings is not always necessary.

11. The SBA defendants, by distributing this booklet to various plaintiffs, are attempting to convince as many members of the plaintiff class as they can to forego the removal of asbestos in their buildings.

■ 12. A member of the plaintiff class' decision to forego the removal of asbestos will reduce the defendants' liability in this class action. Therefore, the SBA booklet is related to the economic interests of the speaker (the SBA defendants) and is commercial speech.

■ 13. Commercial speech must concern lawful activity and not be misleading for it to be constitutionally protected. *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 68, 103 S.Ct. 2875, 2881, 77 L.Ed.2d 469 (1983).

■ 14. The information in the SBA booklet is not incorrect. It presents the views of *some* experts concerning the asbestos problem. It does not, however, indicate to the plaintiff class members that these views are contradicted by other experts. By not indicating that the authors of the booklet are defendants in the class action, the booklet is misleading as to its objectivity and neutrality.

■ 15. As noted above, an order restricting speech should be carefully drawn and should limit the speech as little as possible. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981).

■ 16. In light of the objectivity and neutrality problems identified with the booklet and the laws governing the limitation of speech, I order the SBA when communicating, about school asbestos matters, in any manner with any party known to be a class member herein, any association of known class members herein, or any group of persons known or reasonably believed to include a person who is or represents a class member or class members herein, to prominently display the information contained in Appendix A which is attached to Order No. 79.

An order follows.

### ORDER NO. 79

AND NOW, this 5th day of February, 1987, upon consideration of class plaintiffs' motion for an order prohibiting defendants United States Gypsum Co., National Gypsum Co., W.R. Grace & Co., Owens-Corning Fiberglas Corp., Celotex Corp., Pfizer Inc. and the Safe Buildings Alliance (SBA) from contacting any class member school or school district, it is ORDERED that class plaintiffs' motion is GRANTED to the following extent: the SBA when communicating about school asbestos matters in any manner with any party known to be a class member herein, any association of known class members herein, or any group of persons known or reasonably believed to include a person who is or represents a class member or class members herein must prominently display the information contained in Appendix A attached to this order.

### APPENDIX A

NOTICE TO ALL PUBLIC AND PRIVATE, ELEMENTARY AND SECONDARY SCHOOLS:

(1) The members of the Safe Buildings Alliance (SBA) are United States Gypsum Company, National Gypsum Company, W.R. Grace & Co. and The Celotex Corporation. Owens-Corning Fiberglas Corp. is an associate member of the SBA.

(2) These companies principally fund the SBA.

(3) These companies are presently defendants in the litigation *In Re: Asbestos School Litigation,* Master File No. 83–0268, in the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania, 19106–1797.

(4) All public and private, elementary and secondary schools are plaintiff class members in this litigation and, therefore, each such school is suing each of these defendants, as well as other asbestos companies.

(5) All members of the plaintiff class are represented by counsel. Lead counsel for the plaintiff class are:

David Berger, Esquire,
1622 Locust Street
Philadelphia, Pa. 19103
Phone No. (215) 875–3000
Herbert B. Newberg, Esquire
227 South 6th Street
Philadelphia, Pa. 19106
Phone No. (215) 922–4740