MARSHALL TATE, a/k/a Robert Tate, *et al.*, Plaintiffs-Appellants, v. BEVERLY CHRYSLER PLYMOUTH *et al.*, Defendants-Appellees.

First District (1st Division)  No. 1—88—2471

Opinion filed April 24, 1989.

Dombrowski & Sorensen, of Chicago (Mary T. Fitzmaurice, of counsel), for appellants.

Ross & Hardies, of Chicago (James K. Toohey and Robert L. Baker, of counsel), for appellees.

JUSTICE QUINLAN* delivered the opinion of the court:

The plaintiffs, Marshall and Marsha Tate, filed a complaint in the circuit court of Cook County for personal injuries arising out of an accident they had while driving their automobile, a 1979 Audi 5000. Initially, plaintiffs filed suit against Beverly Chrysler Plymouth (Beverly), the car dealer that had sold them the automobile, based upon theories

---

*Justice Quinlan participated in this decision prior to his assignment to the sixth division.

of negligence and strict products liability. Later, the plaintiffs added the manufacturer of the car, Volkswagen of America (VWoA), as a defendant under a theory of strict products liability. VWoA moved to dismiss the cause of action because plaintiffs had added VWoA as a defendant after the statutory limitations period had expired, and the trial court dismissed the plaintiff's complaint against VWoA. Subsequently, the plaintiffs amended their complaint to include allegations of fraudulent concealment of the cause of action by VWoA, but the trial court, again on VWoA's motion, dismissed the complaint, ruling that the pleadings of fraudulent concealment were insufficient. Plaintiffs amended their complaint a third time, and the trial court once again dismissed plaintiffs' complaint on defendant VWoA's motion because it found the pleadings of fraudulent concealment were insufficient but, this time, the court dismissed plaintiffs' claim against VWoA with prejudice. Plaintiffs have now appealed the trial court's dismissal of their claim against VWoA.

On December 24, 1984, plaintiffs were driving their 1979 Audi 5000 automobile when it allegedly skidded out of control and hit another vehicle. On November 26, 1986, plaintiffs filed their original complaint sounding in negligence and strict products liability against Beverly, the car dealer that had sold them the car, asserting that the Audi 5000 had been sold to them with defective, mismatched tires. However, on May 20, 1987, plaintiffs filed their amended complaint to include VWoA as a defendant under a theory of strict products liability, because, plaintiffs alleged, there had been a defect in the transmission of their Audi. On July 1, 1987, VWoA moved to dismiss plaintiffs' allegations against it, pursuant to section 2—619(a)(5) of the Illinois Code of Civil Procedure, and argued that plaintiffs' cause of action was time barred under sections 13—202 and 13—213 of the Code of Civil Procedure. (See Ill. Rev. Stat. 1987, ch. 110, pars. 2—619(a)(5), 13—202, 13—213.) The trial court, as noted above, granted defendant VWoA's motion and found that the claim was time barred, but granted plaintiffs leave to amend their complaint to include allegations of fraudulent concealment.

On December 1, 1987, plaintiffs filed their second amended complaint. Although the plaintiffs admitted in their complaint that they had discovered their possible cause of action on or about March 24, 1986, they claimed that VWoA had actually prevented them from filing their claim within the statutory period by its false assertions concerning the defects in the Audi 5000 automobiles. VWoA again moved to dismiss, and on April 29, 1988, the court granted VWoA's motion, finding plaintiffs' allegations of fraudulent concealment to be

insufficient, but granting plaintiffs leave to file a third amended complaint.

On July 7, 1988, plaintiffs filed their third amended complaint. In that complaint, the allegations of fraudulent concealment specifically alleged that VWoA was aware, prior to the time of plaintiffs' accident, that there was a sudden acceleration defect in the cars, but that VWoA failed to warn plaintiffs, as well as the general public, of the defect; that VWoA's recall of the Audi 5000 automobiles was an attempt to avoid an investigation by the National Highway Traffic Safety Administration (NHTSA) and thus prevented car owners from learning the true nature of the defect; that VWoA concealed the alleged defect by claiming the problems with the cars were due to improper driver usage or driver error; that VWoA concealed the defect by claiming that installation of a shift-lock device would prevent driver error; and that VWoA also denied that any alleged defect existed despite VWoA's knowledge to the contrary. The defendant VWoA filed a motion to dismiss plaintiffs' third amended complaint also, and after the trail court held a hearing on defendant VWoA's motion to dismiss the plaintiffs' third amended complaint, the court granted VWoA's motion, ruling that the complaint did not set forth sufficient allegations to establish that VWoA fraudulently concealed the cause of action. In so ruling, the trial court noted that plaintiffs had been obligated to investigate potential causes of action from the time of the accident and that the plaintiffs here should have been acutely aware of their potential claim against VWoA by at least March 1986, when an investigation into the sudden acceleration of the Audi 5000 was nationally publicized. The trial court further observed that the plaintiffs themselves had admitted that they had discovered their cause of action against VWoA nine months before the statutory period ended and did not add VWoA as a party defendant until after the statutory period had expired. The trial court did not find the plaintiff's failure to file suit to be excused by VWoA's activities and dismissed the plaintiffs' claim with prejudice. Plaintiffs have appealed this dismissal of their third amended complaint against VWoA to this court.

On appeal, the plaintiffs argue that the trial court erred when it dismissed their claim against VWoA with prejudice and found that their claim was time barred. The plaintiffs assert that their complaint set forth sufficient factual allegations to establish that VWoA fraudulently concealed their cause of action. Plaintiffs specifically contend that their allegations that VWoA recalled the Audi 5000 as merely a diversionary measure to avoid an investigation by the

NHTSA, that VWoA continually denied that there was a manufacturing defect in the Audi 5000, and that VWoA blamed any alleged problems on driver error were sufficient to establish VWoA's fraudulent intent to conceal its activities and plaintiffs' cause of action.

Although the plaintiffs admit that they became aware of the publicized problem with the Audi 5000 on or about March 24, 1986, nine months before the statutory period expired, they contend that this nine-month period was not enough time to conduct a reasonable inquiry, as required by section 2—611 of the Code of Civil Procedure. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) Moreover, the plaintiffs argue that the question of whether nine months was a reasonable time within which to file their claim against VWoA was a fact question. Because this fact determination was critical to their claim, the plaintiffs submit that the trial court should have held a hearing to examine all of the relevant facts to determine whether the remaining nine months was a reasonable amount of time for them to have filed suit.

In any event, the plaintiffs assert that, regardless of whether there was fraudulent concealment, the discovery rule should have been applied to the facts here. Under the discovery rule, their cause of action did not accrue until they knew or had reason to know of the cause of their injury, and, here, they contend that they did not know or discover their cause of action against VWoA until March 1986. Thus, the plaintiffs argue that the statute of limitations did not begin to run until that time.

The discovery rule, which plaintiffs admit does not generally apply to cases in which there is a sudden, traumatic event, such as here, should nevertheless be applied here, because, they argue, the only information upon which the plaintiffs could base their claim concerning the defect in the Audi 5000 was in the control of VWoA. In such cases where the information concerning the cause of action was solely within the defendant's control, they assert that our court has applied the discovery rule. Thus, the plaintiffs conclude that the discovery rule should also have been applied here.

Conversely, VWoA argues that plaintiffs' complaint was properly dismissed as being time barred because the applicable statute of limitations expired two years after the date of the accident and VWoA was added as a defendant subsequent to this time. VWoA asserts that there was no fraudulent concealment here and that, in any event, the plaintiffs' own allegations clearly established that plaintiffs knew of their cause of action in sufficient time before the statute ran to have timely filed suit. Thus, VWoA claims, even if the

court found that there was evidence of fraudulent concealment, the plaintiffs admitted in their complaint that they discovered their cause of action against VWoA nine months before the original two-year limitations period had expired. The law in Illinois is clear, VWoA asserts, that where a defendant's fraudulent concealment of a cause of action is discovered by the plaintiff before the statutory period expires and there is a reasonable amount of time remaining to file a lawsuit, in such a situation, the plaintiff is bound by the original statutory period. Here, VWoA asserts that the plaintiffs' discovery of their cause of action nine months prior to the expiration of the original two-year statutory period allowed plaintiffs a reasonable time to file suit against VWoA before the original two-year time period expired. Additionally, VWoA contends that all of the relevant facts were before the trial court, and, therefore, the court properly considered all of those matters when it rendered its decision and, accordingly, its determination should not now be overturned.

Additionally, VWoA argues that the requirement of reasonable investigation in section 2—611 did not justify the plaintiffs in not filing their claim within the original two-year time period. In fact, the plaintiffs offered no evidence to show why the nine months that remained after their discovery of their cause of action was an insufficient amount of time for them to reasonably investigate and file their cause of action against VWoA. Finally, the defendant VWoA asserts that Illinois case law is clear that the discovery rule does not apply in cases where there was a sudden, traumatic event or accident, such as here, and the plaintiffs' cause of action therefore accrued at the time of the car accident and not at the time that plaintiffs allegedly discovered their cause of action against VWoA. Thus, VWoA claims, the trial court's decision should be affirmed.

■■ ■ Under the Illinois Code of Civil Procedure, the statutes of limitation for personal injury and product liability claims require that such lawsuits generally be commenced within two years of the date on which the cause of action accrued, and, specifically for product liability claims, the lawsuit must be filed within two years after the date plaintiff knew or, through the use of reasonable diligence, should have known of the injury. (Ill. Rev. Stat. 1987, ch. 110, pars. 13—202, 13—213(d).) An express exception to these statutes of limitation provides that if a defendant has fraudulently concealed the existence of a cause of action, the plaintiff is allowed five years within which to bring suit after he discovers the cause of action. Ill. Rev. Stat. 1987, ch. 110, par. 13—215.

■■■ Recently, this court, in *Smith v. Cook County Hospital*

(1987), 164 Ill. App. 3d 857, 518 N.E.2d 336, examined in detail Illinois case law involving the fraudulent concealment exception and stated:

"The concealment contemplated in section 13—215 must consist of affirmative acts or representations which are calculated to lull or induce a claimant into delaying filing of his claim or to prevent a claimant from discovering his claim. Mere silence on the part of the defendant and failure by the claimant to learn of the cause of action are not enough. (*Zagar v. Health & Hospitals Governing Comm'n* (1980), 83 Ill. App. 3d 894, 898, 404 N.E.2d 496, 500.) Moreover, fraudulent misrepresentations which constitute the basis of the claim do not amount to fraudulent concealment unless these actions tended to conceal the cause of action. (83 Ill. App. 3d at 898, 404 N.E.2d at 500.) Finally, this exception does not apply when the party affected by the fraud might, with ordinary diligence, have discovered it. (*Greenock v. Rush Presbyterian-St. Luke's Medical Center* (1978), 65 Ill. App. 3d 266, 271, 382 N.E.2d 321, 324.) If the claimant discovers the fraudulent concealment, or should have discovered it through ordinary diligence, and a reasonable time remains within the remaining limitations period, section 13—215 will not toll the running of the limitations period. (*Real v. Kim* (1983), 112 Ill. App. 3d 427, 435, 445 N.E.2d 783, 789.) Illinois courts have found that discovery of a claim with as little as 5½ months remaining within the statute of limitations period constitutes a reasonable time within which to file a medical malpractice claim under section 13—215. (See *Brown v. Mason* (1985), 132 Ill. App. 3d 439, 477 N.E.2d 61.) While reasonableness is generally a fact question, it may be determined by a court, without a hearing on that issue, if no hearing on reasonableness is requested and if it is clear that a reasonable time did in fact remain within the statute of limitations. See *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed sub nom. Woodward v. Burnham City Hospital* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54." *Smith*, 164 Ill. App. 3d at 862-63, 518 N.E.2d at 340.

■■ ■ Normally, a plaintiff's own ignorance concerning his cause of action will not toll the statute of limitations, but to alleviate the harsh results from this principle, in certain instances, courts have applied the "discovery rule." (*Bates v. Little Co. of Mary Hospital* (1982), 108 Ill. App. 3d 137, 139, 438 N.E.2d 1250, 1252.) The appli-

cation of the discovery rule postpones the running of the period of limitations only until the injured party knows or should have known of his injury. (*Bates*, 108 Ill. App. 3d at 139, 438 N.E.2d at 1252.) It is well settled in Illinois, however, that the discovery rule does not apply in cases where the personal injuries arise out of a sudden, traumatic event, and in these types of cases, there is no question that the statutory period begins to run when the plaintiff first knew of his right to sue, *i.e.*, the time when the injury occurred. *Bates*, 108 Ill. App. 3d at 141, 438 N.E.2d at 1254.

■ Here, plaintiffs' allegations were insufficient to demonstrate that VWoA fraudulently concealed their cause of action. Actually, as plaintiffs themselves allege, there was a public recall of the Audi 5000 by VWoA and a great deal of national publicity concerning the sudden acceleration problems with the Audi 5000 cars. This information certainly would have put a party on notice that there was a potential cause of action for problems involving sudden acceleration of the Audi 5000 automobiles. There was no evidence here that the recall was a fraudulent attempt by VWoA to conceal potential claims and avoid a national investigation, and, in any event, we do not agree with the plaintiffs that VWoA fraudulently concealed their cause of action when VWoA denied there was a defect in the Audi 5000 and asserted that the problem was caused by driver error. Mere denials of liability and claims of innocence by a defendant are insufficient to establish fraudulent concealment. We find that these actions by VWoA here would not reasonably induce a plaintiff into not filing a claim, but would have had the opposite effect of alerting an individual that there was a potential problem or claim against VWoA based on the recall. Thus, we agree with the defendant's contention that the plaintiffs' allegations of fraudulent concealment were insufficient to justify plaintiffs' failure to file suit within the statutory period.

■ We also find that even if the plaintiffs' allegations did constitute a basis for an assertion of fraudulent concealment here, the plaintiffs admitted in their complaint that they had discovered their cause of action against VWoA with nine months remaining in the original two-year statutory period. Our courts have found that when a plaintiff discovers fraudulent concealment by a defendant with less than nine months remaining in the original statutory period, the plaintiff had a reasonable time within which to file suit, and that, in such a situation, the defendant's fraudulent concealment would not excuse the plaintiff from compliance with the original limitation period. (See *Smith*, 164 Ill. App. 3d 857, 518 N.E.2d 336 (six months);

*Brown v. Mason* (1985), 132 Ill. App. 3d 439, 477 N.E.2d 61 (5½ months).) The plaintiffs have not asserted any basis whatsoever for their contention that nine months was not enough time to do a reasonable investigation into the facts and file suit. Furthermore, plaintiffs here had already filed their claim against the car dealer and discovery concerning the accident on those counts had begun.

■■■ Alternatively, the plaintiffs assert that if we find, as we have found, that they discovered their cause of action before the statute had run, the case should be remanded for a hearing on the issue of reasonableness. However, we note that the plaintiffs did not request a hearing in the trial court, and that under the Illinois Supreme Court's ruling in *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, where a plaintiff does not specifically request a hearing, the trial court may properly make such a determination without a hearing. Moreover, the plaintiffs have not suggested what information not previously before the trial court, if any, on the issue of reasonableness might be considered at such a hearing. The plaintiffs' only claim is that somehow they could not comply with the requirement of section 2—611 and make a reasonable inquiry before filing the complaint.

■■■ Consequently, as noted above, we disagree with the plaintiffs' contention that the discovery rule should be applied to the facts presented here. The plaintiffs' allegations that VWoA fraudulently concealed their cause of action were insufficient here, and the plaintiffs' argument that they did not have a reasonable time within which to file their claim against VWoA is without support.

Thus, for all of the above reasons, the judgment of the circuit court of Cook County which dismissed the plaintiffs' cause of action against VWoA with prejudice is affirmed.

Judgment affirmed.

BUCKLEY and CAMPBELL, JJ., concur.