**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Plaintiff,**

**v.**

**W.R. GRACE & COMPANY, Defendant.**

No. 89–3022.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 30, 1992.

## ORDER

RICHARD MILLS, District Judge:

This cause is before the Court on Grace's motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). Because the overwhelming majority of court decisions favor the position of the State Farm, the Court denies this motion except as to Count III of State Farm's complaint (breach of express warranties).

State Farm filed its original complaint on January 30, 1989. Pursuant to Grace's motion to dismiss and State Farm's withdrawal of certain claims, State Farm filed an amended complaint on December 12, 1991. In the amended complaint, State Farm relies on five different theories of recovery, including strict liability, negligence, breach of express warranties, fraud and misrepresentation, and willful and wanton misconduct. All claims seek compensation for property damage allegedly caused by the incorporation of asbestos-containing fireproofing in State Farm's corporate headquarters in Bloomington, Illinois, and its regional office buildings in Austin, Texas, and Tempe, Arizona. [hereinafter "Buildings"].

### I. Standard for Summary Judgment

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist,* 833 F.2d 639 (7th Cir.1987).

### II. Analysis

Grace argues that State Farm's claim is time barred because of various Illinois statutes of limitation.

#### (a). Personal Injury Statute of Limitation

Grace has asserted correctly that Illinois statute of limitations apply to State Farms' claims. A federal court sitting in diversity follows the choice of law rules of the forum state. *Klaxon v. Stentor,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Grace first argues that Ill.Rev.Stat., ch. 110, ¶ 13–205 (1989), establishes a five year limit on actions "to recover damages for an injury done to property, real or personal...." This period began to run as soon as the alleged asbestos product was installed in the buildings in 1970–73. Because State Farm did not file this action until 1989, Grace argues that the five year statute of limitation precludes this action.

Defendant also argues that this limitation period should not be tolled because of any "fraudulent concealment." A statute of limitation may be tolled pursuant to Ill.Rev.Stat., ch. 110, ¶ 13–215 (1989), if a person liable for the action fraudulently conceals the cause of the action. However, in this case, the architect of the buildings knew the composition of the fireproofing material that was installed in the buildings as early as 1971. Because the architect was an agent of State Farm, and because an agent's knowledge is imputed to its principal, Defendant argues that there is no fraudulent concealment because State Farm had knowledge through its architect of the alleged asbestos materials.

Grace's argument has not withstood judicial scrutiny. First, as State Farm points out, the mere presence or knowledge of asbestos is insufficient to trigger the personal injury statute of limitation. Rather, the statute of limitation did not begin to run until State Farm had sufficient knowledge of asbestos *contamination. AFM Insurance Co. v. Board of Education,* No. 90 C 6040, Slip op. at 37, 39, 1992 WL 409442 (N.D.Ill., October 5, 1992); *Heider v. W.R. Grace & Co.,* No. 89 C 9067, 1992 WL 189254 (N.D.Ill., July 15, 1992); *In re: School Asbestos Litigation,* No. 83–0268, Pre-trial Order No. 268 (E.D.Pa, April 12, 1990); *Plaza 600 Corporation v. W.R. Grace & Co.,* No. C89–1562D

(W.D.Wa. June 19, 1991); *County of San Diego v. W.R. Grace & Co.,* No. 208188 (Cal.Super.Ct., Riverside Cty., Jan. 31, 1992); *Board of Education v. AC & S, Inc.,* 131 Ill.2d 428, 137 Ill.Dec. 635, 546 N.E.2d 580 (1989). Therefore, the relevant factual inquiry for this Court is not whether State Farm had knowledge that asbestos was being used, but whether State Farm had knowledge that asbestos was being released from the fireproofing material and that it presented a hazard.

■ Drawing all reasonable inferences from the evidence presented by State Farm, as this Court must in this summary judgment proceeding, the Court finds that State Farm has met the requisite showing of a material fact to preclude summary judgment. The statute of limitation statute begins to run "when a party knows or reasonably should know that an injury has occurred and that it was wrongfully caused." *Nolan v. Johns–Manville Asbestos,* 85 Ill.2d 161, 52 Ill.Dec. 1, 5, 421 N.E.2d 864, 868 (1981). State Farm's evidence indicates that it was not until June of 1986 that State Farm was aware of the presence of asbestos in the buildings. (Pl's exhibit 14, Strong Aff., at ¶¶ 5–8) (Pl's exhibit 15, Aldridge Aff., at ¶¶ 2–8). It was not until December of 1988 that dust sample analysis test results were available which indicated that the buildings were contaminated with an asbestos. (Pl's Exhibit 16). Therefore, the Court finds there is sufficient evidence for a jury to find that State Farm acted reasonably in filing its claim within the statute of limitations period.

The Court makes this finding despite Grace's evidence that there was some awareness on the part of State Farm, prior to 1986, of the presence of asbestos in the buildings. Nevertheless, Defendant failed to show that State Farm was aware of an asbestos *contamination* problem. For example, even if Defendant's architect was aware of the usage of asbestos in the building (a fact disputed by State Farm), and if the architect was an agent of State Farm (disputed by State Farm and the holding of *Blue Cross & Blue Shield v. W.R. Grace & Co.,* 781 F.Supp. 420, 423–24 (D.S.C.1991)), and an agent's knowledge of the asbestos could be imputed to State Farm (again disputed by State Farm and the holding of *Cheshire Medical Center v. W.R. Grace & Co.,* No. 85–516D, 1992 WL 544949 (D.N.H., Feb. 18, 1992)), this knowledge still does not prove that State Farm was aware of any asbestos *contamination* problem before 1986.

■ Second, the Court finds that State Farm submitted sufficient evidence to toll the five year statute of limitations provision pursuant to Ill.Rev.Stat. ch. 110, ¶ 13–215 (1989). For a plaintiff to avail itself of ¶ 13–215, it must show that "defendant … made representations or performed acts which were known by it to be false, with the intent to deceive the plaintiff, and upon which plaintiff detrimentally relied." *Harvey v. Harris Trust & Savings Bank,* 73 Ill.App.3d 280, 287, 29 Ill.Dec. 198, 391 N.E.2d 461 (1979). Though this issue is close, the Court finds that a jury could find for the State Farm on each of these elements of fraudulent concealment.

State Farm's evidence shows that in November of 1972, a Grace official visited State Farm's buildings and assured Plaintiff that it would have "a problem free future with respect to dusting." (Pl's Ex. 11). By this time, however, Grace was aware that the fireproofing material used had a chronic cracking problem (Pl's Ex. 19), knew that the product was being forced off the market in some areas of the country because of health concerns (Pl's Ex. 20), and had developed a non-asbestos substitute product because of the asbestos-containing product's problems. (Pl's Ex. 20). Perhaps even more damaging is the evidence that Grace adopted a policy of intentionally withholding information about whether their fireproofing products contained asbestos in 1972. (Pl's Ex. 8). Grace also sent information to State Farm in 1986 which was found by a Federal Court[1] to be misleading or incomplete at best. The Court finds that this evidence, taken as a whole, presents a question of material fact from which a jury could find fraudulent concealment.

---

**1.** *In re: School Asbestos Litigation,* 115 F.R.D. 22, *vacated,* 842 F.2d 671 (3d Cir.1988).

### (b). *Fraud and Misrepresentation*

■ Grace also moves for summary judgment on Count IV of Plaintiff's complaint labeled "Fraud and Misrepresentation." Because the Court has already found that material issues of fact exist concerning whether there was "fraudulent concealment," the Court finds there is also a factual dispute as to whether there was "Fraud and Misrepresentation." Motion denied.

### (c). *Statute of Repose*

Count I of State Farm's amended complaint seeks relief under the doctrine of strict liability in tort. Grace moves for summary judgment on this Count pursuant to Ill.Rev. Stat., ch. 110, ¶ 13–213 (1989). Paragraph 13–213 bars any product liability action based on the doctrine of strict liability in tort which is not brought within twelve years from the date of first sale of the product. State Farm alleges that the buildings were constructed between 1970 and 1973, during which time Grace's product was installed. Therefore, because State Farm did not file its claim until 1989, Grace argues that its claim is time-barred by ¶ 13–213 (the statute of repose).

Grace also strenuously argues that ¶ 13–213 should not be tolled for fraudulent concealment (Ill.Rev.Stat., ch. 110, ¶ 13–215 (1989)) because ¶ 13–213 does not expressly provide for the fraudulent concealment tolling exception. For example, Ill.Rev.Stat., ch. 110, ¶ 13–214(e) (repose statute for construction) states that repose statute for construction does not apply to cases arising out of fraudulent concealment. No similar provision is found in ¶ 13–213. Thus, Grace argues that the tolling statute for fraudulent concealment should not supersede the repose statute for product liability (¶ 13–213).

■ However, the only Illinois Appellate Court to consider the issue stated that the tolling statute for fraudulent concealment does apply to product liability statute of repose (or at least to ¶ 13–213(d)). *Tate v. Beverly Chrysler Plymouth,* 182 Ill.App.3d 830, 131 Ill.Dec. 288, 291, 538 N.E.2d 663, 666 (1989). Therefore, regardless of the merits of Grace's argument, it is apparently not the current state of Illinois law. As a result, because the Court finds State Farm has submitted a sufficient case of fraudulent concealment, the Court denies Grace's motion for summary judgment on Count I of State Farm's complaint.

### (e). *Breach of Express Warranties*

■ In Count III, State Farm alleges that Grace "expressly warrant[ed] ... that Monokote could be safely used in buildings, would not dust, that said product would require no attention or special precautions, and furthermore, said Defendant expressly warranted said products as being safe and suitable for use in the building in the future." State Farm then contends that Grace breached those warranties because its representations were not true.

Grace argues that ¶ 2–725 of the Illinois Uniform Commercial Code provides that an action for breach of any contract for sale must be commenced within four years after the cause of action is accrued. Ill.Rev.Stat., ch. 26, ¶ 2–725(1). Paragraph 2–725 further provides that a cause of action accrues when the breach occurs, regardless of the agreed parties' lack of knowledge of the breach. Paragraph 2–725 also provides that a breach of warranty occurs when tender of delivery is made. Ill.Rev.Stat., ch. 26, ¶ 2–725(2). Therefore, Grace argues, that breach of warranty occurs at the time of delivery of goods.

In the case of State Farm, Grace argues that tender of the product took place at the latest in 1973. Accordingly, any purported breach of warranty occurred at that time and State Farm had four years thereafter to file its claim. Because State Farm did not file this action until 1989, its claim for breach of warranty is time-barred. The Court agrees.

State Farm argues that ¶ 2–725 does not preclude this action because Grace "explicitly" extended the warranty to future performance of the goods. Ill.Rev.Stat., ch. 26, ¶ 2–725. However, this exception to ¶ 2–725 has been narrowly construed. *Jones & Laughlin Steel Corp. v. Johns–Manville Sales,* 626 F.2d 280, 290–91 (3d Cir.1980) (interpreting Illinois law); *Beckmire v. Ristokrat Clay Products Company,* 36 Ill.App.3d 411, 412–13, 343 N.E.2d 530, 532 (1976). The

Court finds that the alleged express warranties contained in Plaintiff's exhibits 11, 22, and 31 do not rise to the level of an "explicit" extension of a warranty as required by ¶ 2–725. *See Johns–Manville Sales,* 626 F.2d at 291. Therefore, the Court grants Defendant summary judgment on Count III of Plaintiff's complaint.

### (f). *Construction Statute of Repose*

██ Grace next argues that State Farm's entire claim is barred by the construction statute of repose (Ill.Rev.Stat., ch. 110, ¶ 13–214(b) (1989)). Paragraph 13–214(b) provides that no action may be brought for any act or omission in "the design, planning, supervision, observation or management of . . . construction of an improvement to real property after 10 years have elapsed from such act or omission." Because Grace allegedly designed and manufactured the asbestos fireproofing, Grace argues that it is entitled to protection under ¶ 13–214. *See St. Louis v. Rockwell Graphic Systems, Inc.,* 220 Ill. App.3d 704, 707–10, 163 Ill.Dec. 142, 143–46, 581 N.E.2d 93, 94–97 (1991) (Paragraph 13–214 "expressly applies to the design and planning of the construction of an improvement to real property.").

However, in this case, Grace is a mere manufacturer of asbestos materials. It did not participate in any way in the construction of the buildings. The Court finds that the Monokote asbestos product manufactured by Grace was simply a "bag of minerals" which must be installed by a contractor. (Pl's Ex. 40, at p. 55). Grace did not furnish any equipment for the application of the asbestos materials. (Pl's Ex. 42). Nor did Grace approve of or direct the application of the asbestos materials by the contractor. (Pl's Ex. 40 at p. 57). Therefore, Grace was merely a manufacturer, not an active participant in the construction of the buildings.

The distinction between a mere manufacturer of materials and a designer or director of a construction project is crucial. Paragraph 13–214 does not immunize a mere manufacturer of products from liability. In *Witham v. Whiting Corp.,* 975 F.2d 1342, 1345–48 (7th Cir.1992), the court held that a crane specially manufactured for use at a manufacturing plant based on information that the plant owner provided about the plant was an "improvement" to real property within ¶ 13–214. However, the court indicated that it might not apply ¶ 13–214 to a mere manufacturer of materials:

> There may be a problem with applying the improvement to real property statute of repose to a manufacturer of a product used in the improvement who was otherwise uninvolved with the particular construction project. The Missouri Supreme Court recently concluded that: manufacture at the manufacturer's factory or production site of a standard product available generally to the public that is manufactured and furnished for inclusion in the improvement by the persons constructing the improvement under circumstances where the manufacturer has no substantial on-site construction activity is not within the protection of the statute. *Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822, 837 (Mo. 1991); *see also Herriott v. Allied Signal, Inc.,* 801 F.Supp. 52 (N.D.Ill., 1992) ("We find the analysis [in *Blaske* ] useful and believe that the Illinois Supreme Court would as well.").

*Id.* The Court also notes that this distinction is supported by other Illinois Courts. *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.,* 135 Ill.App.3d 765, 90 Ill.Dec. 448, 453, 482 N.E.2d 155, 160 (1985), *rev'd on other grounds,* 114 Ill.2d 252, 102 Ill.Dec. 412, 500 N.E.2d 34 (1986); *Board of Educ. of the City of Chicago v. A.C. & S., Inc.,* No. 85CH00811 (Ill.Ct.Cl., Cook Cty., March 5, 1991) (text in Pl's Ex. 41). The legislative history of ¶ 13–214 also indicates that the provision was intended to protect only professional activities directly related to the construction project—not mere manufacturers of goods. *See Lehmann v. Arnold,* 137 Ill. App.3d 412, 91 Ill.Dec. 914, 916–17, 484 N.E.2d 473, 475–76 (1985); *Hellmuth,* 135 Ill.App.3d at 765, 90 Ill.Dec. at 452–53, 482 N.E.2d at 159–60. Therefore, because the Court has found that Grace is a mere manufacturer of goods, it cannot avail itself of the ¶ 13–214 immunity.

**1052**

### (g). *Breach of Duty*

█ Grace also moves for summary judgment on Count I of State Farm's complaint. Grace argues that because State Farm was aware of the asbestos-containing fireproofing material, Grace was not negligent.

Because the Court ruled that there is a material question of fact as to whether State Farm was aware of the asbestos contamination, the Court denies Grace's motion for summary judgment on Count I of State Farm's complaint.

### (h). *Fraud*

Because the Court ruled that there is a material question of fact as to whether there was fraud or fraudulent concealment, the Court denies Grace's motion for summary judgment on Count IV of State Farm's complaint.

### (i). *Willful and Wanton Conduct*

█ Finally, Grace moves for summary judgment on Count V of Plaintiff's complaint. Count V states a case of "willful and wanton" conduct against Grace. Grace presents two arguments in support of summary judgment: first, that the underlying claim for willful and wanton conduct (negligence) is time-barred pursuant to the applicable statutes of limitation and repose (this argument was dismissed in the above discussion); second, even if the underlying claim of negligence is tenable, the facts do not support a claim of willful and wanton conduct.

The Court finds there is a genuine issue of material fact to submit to the jury on the question of willful and wanton conduct. To support a punitive damages award in a products liability suit for a manufacturer's willful and wanton conduct, a plaintiff must show facts supporting a manufacturer's conscious disregard for the safety of others. *Davis v. International Harvester Co.*, 167 Ill.App.3d 814, 825–26, 118 Ill.Dec. 589, 596, 97, 521 N.E.2d 1282, 1289–90 (1988). Because the Court found above that, in its most favorable light, the evidence indicated: (1) Grace was aware of the hazards of asbestos in installed fireproofing and consequently removed the asbestos and replaced it with paper (Pl's Ex.

19, 20, 21); and (2) despite this knowledge, Grace continued to sell the asbestos product to State Farm, the Court finds that State Farm should be able to submit this claim to the jury. *See City of Greenville v. W.R. Grace & Co.*, 640 F.Supp. 559 (D.S.C.1986), *aff'd*, 827 F.2d 975 (4th Cir.1987) ($2 million punitive damage verdict in asbestos property damage case affirmed).

*Ergo*, Defendant's motion for summary judgment (d/e 49) is DENIED, except that Defendant's motion for summary judgment on Count III of Plaintiff's amended complaint (breach of warranties) is ALLOWED.